## 19128

The **STATE**, Respondent, v. Troy Donald **McCOY**, Appellant.

(177 S. E. (2d) 601)

*Jesse M. Ray, Esq.,* of Greenville, *for Appellant,*

*B. O. Thomason, Jr., Esq., Solicitor,* of Greenville, *for Respondent,*

November 23, 1970.

Moss, Chief Justice:

Troy Donald McCoy, the appellant herein, was tried before the Honorable J. B. Ness, presiding judge, and a jury, at the 1970 April Term of the Court of General Sessions for Greenville County, upon an indictment returned by the Greenville County Grand Jury, charging him with the crime of assault and battery with intent to kill. He was convicted by the jury of an assault and battery of a high and aggravated nature and appeals from such conviction and resulting sentence. It is stipulated by counsel for the State and the appellant that the evidence was sufficient to sustain such conviction.

A warrant of arrest was issued by a magistrate of Greenville County and signed by one W. L. Jackson, a detective on the Greenville Police Department. While this officer was on the stand as a witness in behalf of the State, he testified on cross examination that the magistrate did not administer an oath to him prior to the signing of the warrant.

At appropriate stages of the trial the appellant made motions for a directed verdict of not guilty upon the following grounds:

"(1) that the undisputed evidence given by the person who signed the warrant was that he was not under oath at the time he subscribed his signature thereon; and

"(2) that further the arrest of the accused was not constitutionally permissible, and was null and void, in that it is undisputed that the warrant was not sworn to and therefore lacking in probable cause."

These motions were refused and the failure of the presiding judge to grant such motions is made the ground of appeal to this court.

It is the position of the appellant that the original arrest warrant was illegal because such was issued by the magistrate without the proper administration of an oath to the officer who signed the affidavit for the issuance of such warrant.

The record shows that the appellant was indicted by the Greenville County Grand Jury at the 1969 December Term of the Court of General Sessions. He was tried and convicted on this indictment and not on the warrant alleged to be illegal.

The mere fact that the arrest of the appellant was unlawful, or upon a warrant not properly issued, is no bar to a prosecution on a subsequent indictment by which the court acquires jurisdiction over the person of the appellant. 56 A. L. R. 260, and 96 A. L. R. 982.

In *State v. Swilling,* 246 S. C. 144, 142 S. E. (2d) 864, it appears that the appellant was arrested without a warrant and he asserted that the trial judge should have directed a verdict of acquittal because he was arrested without a warrant and was thus denied the equal protection and due process of law. In disposing of this question, we said:

"* * * No authority is cited by appellant's counsel in support of the contention that a verdict should have been directed for the reasons assigned. All decisions coming to our attention are to the contrary. Even assuming that his arrest

and detention without a warrant were unlawful, such would not entitle him to a directed verdict. The rule concisely stated in 5 Am. Jur. (2d) 796, Arrest, Section 116, as follows: 'The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, nor is it a ground for quashing the information. And it does not preclude trial of the accused for the offense.' "

In *Thompson v. State,* 251 S. C. 593, 164 S. E. (2d) 760, it was contended that the arrest of the appellant was unlawful due to the fact that no warrant was ever issued and such was necessary in order to give General Sessions Court jurisdiction of the crime with which Thompson was charged. In disposing of this question, we said:

"It is the apparent position of the appellant that even though the office of Ministerial Recorder of the City of Columbia was established by the General Assembly, Section 15-1058, *et seq.* of the 1962 Code of Laws, there was no constitutional authority authorizing such an office and hence no such judicial office existed with the authority to issue a warrant in this case. It is unnecessary for us to decide the aforesaid question because the grand jury of Richland County was authorized to indict for any crime, which was not within the exclusive jurisdiction of a Magistrate or other inferior court, whether or not there has been prior proceedings before a Magistrate and an arrest warrant issued. *State v. Walker,* 232 S. C. 290, 101 S. E. (2d) 826, and the cases therein cited. It follows that the grand jury was authorized to indict the appellant for the crime of assault with intent to ravish and without any procedure before any inferior court."

Here, the appellant was properly indicted by the grand jury of Greenville County and was tried and convicted on the charge therein contained. It follows, under the authorities that we have cited, that there is no merit in the contention of the appellant that the trial judge should have directed a verdict for any of the assigned reasons. See *State v. Holliday,* S. C., 177 S. E. (2d) 541, filed November 6, 1970.

The exceptions of the appellant are overruled and the judgment below, is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.