374 So.2d 1208 (1979)
STATE of Louisiana
v.
Victor LONGLOIS and James S. Moore.
No. 64005.
Supreme Court of Louisiana.
September 4, 1979.
*1209 Edwin Dunahoe, Thomas & Dunahoe, Natchitoches, for defendants-relators.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., Andrew Vallien, Asst. Dist. Atty., for plaintiff-respondent.
BLANCHE, Justice.
Victor Longlois and James S. Moore were charged by bills of information with possession of marijuana, a violation of LSA-R.S. 40:966. On November 9, 1978, a preliminary examination was held; on January 29, 1979, defendants' motion to suppress was submitted on the evidence adduced at the preliminary examination. Defendants' motion urged that the tangible evidence be suppressed as the product of an illegal arrest. The motion was denied. We granted writs to consider the correctness of the lower court judgment.
Varnum Kit Carson, an agent of the Department of Wildlife and Fisheries, testified that he was parked in the woods off of a small road when a car stopped some twenty or thirty feet from him. In the car were the defendants; they pulled a plastic bag from underneath the seat and rolled two cigarettes. Carson testified that he believed the cigarettes contained marijuana. When the defendants began to drive away, he followed and stopped them. He testified that he asked for identification and for the plastic bag under the seat, which the defendants surrendered. After receiving the marijuana and some narcotics paraphernalia, Carson read defendants their Miranda rights and transported them to the Sheriff's Office.
Subsequently, defendants were charged with possession of marijuana.
The above factual circumstance raises two questions: First, may an agent of the Wildlife and Fisheries Commission make an arrest for possession of marijuana; and second, assuming he may not, should evidence seized pursuant to such an arrest be suppressed?
Our initial inquiry is whether any valid arrest took place. Article 213 of the Code of Criminal Procedure provides:
"A peace officer may, without a warrant, arrest a person when:
"(1) The person to be arrested has committed an offense in his presence; if the arrest is for a misdemeanor it must be made immediately or on close pursuit;
"(2) The person to be arrested has committed a felony, although not in the presence of the officer;
"(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or
"(4) The peace officer has received positive and reliable information that another peace officer holds a warrant for the arrest.
"A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this article may enter another jurisdiction in this state and make the arrest."
Defendants claim that a wildlife agent is not a peace officer who may make arrests authorized by the above article. We agree.
No statutory definition of the term "peace officer" exists. A "wildlife agent", however, is defined as "any person, appointed under authority of the state having authority to enforce the provisions of any law within the jurisdiction of the commission." LSA-R.S. 56:101(19). Those wildlife agents who are members of the enforcement division are granted extra duties:
"H. In view of the vast expanse of marsh and isolated wildlife habitat extant throughout the state, and to facilitate the effective protection of private and public rights and property, particularly in, but not limited to, these isolated areas, duly commissioned wildlife officers of the enforcement division of the Louisiana Wildlife and Fisheries Commission *1210 shall, in addition to the authority otherwise conferred by law upon such officers, be vested with the same authority and powers conferred by law upon regular law enforcement officers of this state with respect to the following criminal offenses: Arson, littering, theft or burglary, observed during the performance of their normal duties, and conduct constituting resisting arrest, assault or battery of a commissioned wildlife officer. Additionally, while on special assignment during any riot, insurrection or any natural disaster and in protection of real property of the Louisiana Wildlife and Fisheries Commission, any commissioned officer of the enforcement division shall possess all the powers and authority of regular law enforcement officers of this state. For the purposes of this Subsection, the Louisiana Wildlife and Fisheries Commission is authorized to seek, accept and expend state and/or federal funds available for such purposes." (LSA-R.S. 56:108 [H]).
This section and its history indicate that enforcement division agents were never meant to have the power to make arrests for possession of marijuana.
First, the statute compares agents of the enforcement division to "regular law enforcement officers", insofar as it relates to making arrests for certain offenses. This grant of authority purports to "vest" the power to arrest for arson, littering, theft or burglary; if enforcement agents already had this power, the statute would merely "affirm" that authority. We also observe that the preamble to the section indicates that the agents have been granted this special authority "in view of the vast expanse of marsh and isolated wildlife habitat." The limited arrest power for the enumerated offenses is a necessary grant of authority for the proper performance of their duties as Wildlife and Fisheries Department enforcement officers, and are the offenses most commonly encountered by wildlife agents, outside of violations of fish and game laws. Agents operate in the "isolated" areas where there are normally no police whom the wildlife agents can readily summon.
Finally, the history of R.S. 56:108 demonstrates that the legislature never intended that the enforcement division agents should have the power of a regular peace officer. In 1976, three bills (Nos. 498, 874 and 1496) to amend R.S. 56:108 were introduced in the House of Representatives. The purpose of House Bill 874, according to its title, was:
"... to empower regularly commissioned wildlife agents employed by the enforcement division of the Department of Wildlife and Fisheries to exercise general police and law enforcement powers in criminal matters; to empower the agents to enforce any state law or local ordinance; to authorize the agents to make arrests, searches and seizures and to execute warrants; and to otherwise provide with respect thereto."
House Bill 874 would have specifically authorized the arrest in the instant case. The rejection of Bill 874 in favor of Bill 1496 (Official Journal of the House of Representatives, p. 1158) is further evidence that the legislature did not intend to grant the power of regular law enforcement personnel to wildlife agents.
We find that Agent Carson acted outside the scope of his authority as a wildlife and fisheries agent in arresting the defendants for possession of marijuana. Likewise, the arrest was also illegal as an arrest by a private citizen. In Louisiana, a citizen can only make an arrest when the person arrested has actually committed a felony. LSA-C.Cr.P. art. 214. Possession of marijuana is a misdemeanor. LSA-R.S. 40:966(D).
Having found the arrest to be illegal because Carson exceeded his official authority and since the arrest was invalid as a citizen's arrest, we turn to the more difficult question of whether the evidence seized as a result of the arrest must be suppressed.
This Court has held that since the exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), was designed to deter police misconduct in arrest and search and seizure areas, it was, *1211 therefore, not applicable to action by private individuals. State v. Abram, 353 So.2d 1019 (La.1977); State v. Hutchinson, 349 So.2d 1252 (La.1977); State v. Kemp, 251 La. 592, 205 So.2d 411 (1967). However, we held in State v. Nelson, 354 So.2d 540 (La. 1978), that some searches by private individuals may be "unreasonable" so as to violate Article 1, § 5 of the Louisiana Constitution of 1974. In Nelson,[1] a security guard for a department store suspected the defendant had concealed a stolen ring on his person. After the defendant was strip searched, the guards then handcuffed the defendant's hands in back of him and choked him to force him to disgorge what they thought was in his mouth. We held the search, made under color of authority of LSA-C.Cr.P. art. 215, was unreasonable in method and extent and violated Article 1, § 5 of the Louisiana Constitution of 1974, and suppressed the inculpatory statements made by the defendant as a result of the actions by the security guards.
This Court has never had to decide whether evidence should be suppressed when seized pursuant to an arrest made by an officer acting under color of authority, but lacking the same, and which arrest could not be validated under a citizen's arrest analysis.[2] After careful consideration, we must conclude that such an arrest is an unreasonable seizure for the purposes of Article 1, § 5 of our Constitution. We cannot truthfully say the arrest in this case was made by a "citizen" and therefore, the reasoning of Mapp v. Ohio, supra, does not apply. It is clear that the arrest was made by a special police officer purporting to act under authority of law. We believe our holding is necessary to discourage police officers, both regular and special, from unreasonably exceeding their lawful authority.

DECREE
For the above and foregoing reasons, the ruling of the trial court denying the defendants' motion to suppress is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Article 1, § 5 of the Louisiana Constitution of 1974 provides:

"Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court."
[2] Compare State v. Jones, 263 La. 164, 267 So.2d 559 (1972), where city police officers arrested the defendant outside of their jurisdiction for possession of stolen goods in excess of $100. We said that while the arrest was invalid under LSA-C.Cr.P. art. 213, it was nonetheless valid as a citizen's arrest under Article 214.