482 So.2d 21 (1986)
STATE of Louisiana
v.
Freddie POLK.
No. K 4510.
Court of Appeal of Louisiana, Fourth Circuit.
January 2, 1986.
Writ Denied March 7, 1986.
*22 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Paul H. Schneider, Asst. Dist. Atty., New Orleans, for the State.
Richard S. McBride, Jr., New Orleans, for defendant.
Court composed of SCHOTT, GARRISON and BYRNES, JJ.
SCHOTT, Judge.
We granted certiorari in order to consider a ruling by the trial court granting defendant's motion to suppress evidence.
Roland House, Director of Security for a local hotel, received a tip from a confidential informant that defendant, a hotel employee, was selling marijuana on the fourth floor of the hotel and that he had the marijuana in his sock. He went to the fourth floor where he found defendant in conversation with two other hotel employees who worked in different departments than defendant. Noting a bulge in one of defendant's socks, House questioned him about it, and defendant fled up the stairs. House caught up with him on the seventh floor, and a struggle ensued; but with the assistance of other employees House subdued defendant and found that the bulge in defendant's sock was from a concealed bag containing about twenty marijuana cigarettes. Defendant was detained until the police arrived when he was arrested and charged with possession of marijuana.
The trial court granted the motion based upon State v. Longlois, 374 So.2d 1208 (La.1979). However, the instant case is distinguishable from Longlois and is more properly controlled by State v. Hutchinson, 349 So.2d 1252 (La.1977). Initially we agree with the trial court that the search which yielded the marijuana was illegal. Although House was a retired policeman, he was the employee of a private company, with no more authority than any private citizen, when this incident occurred. His status was no different than the security guard who conducted the search in State v. Nelson, 354 So.2d 540 (La.1978). A private person may arrest someone only when the arrestee has committed a felony. C.Cr.P. Art. 214. Therefore, since defendant was arrested for a misdeameanor, possession of marijuana, and since House did not witness defendant selling marijuana, which would be a felony, the arrest and the attendant search were illegal.
However, the exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) does not apply to evidence illegally seized by a private citizen. The rule was adopted in order to deter improper conduct by police in conducting searches. Where a search is made by a private citizen it is beyond the ambit of the Fourth Amendment's protection. State v. Hutchinson, supra.
The trial court's reliance on State v. Longlois, supra, was misplaced. That case did not purport to overrule Hutchinson. There the court dealt with an illegal search by an agent of the Louisiana Department of Wildlife and Fisheries. Significantly the court made the following observation:
"This court has never had to decide whether evidence should be suppressed when seized pursuant to an arrest made by an officer acting under color of authority, but lacking the same, and which arrest could not be validated under a citizen's arrest analysis."
The court reached a different conclusion than it had in Hutchinson because of the agent's status as compared to the private citizen in Hutchinson. In Longlois the court restated its adherence to the the Hutchinson principle that Mapp v. Ohio's exclusionary rule was inapplicable to a search by a private citizen since it was designed to deter misconduct by the police; but the court also recognized that some searches by private citizens might be "unreasonable" so as to violate Article 1, Section 5 of the Louisiana Constitution, which protects against unreasonable searches. Such a case was State v. Nelson, supra; but this case is clearly distinguishable from *23 the instant case. In Nelson the defendant was handcuffed, stripped, and choked into admitting a stolen ring was inside his mouth. In the instant case defendant was not inflicted with a great degree of force and while he was being held for the police a search was made only to determine the cause of a bulge in his sock. We do not find this to have been an unreasonable search as Nelson's was.
Accordingly, the judgment of the trial court is reversed and set aside. The motion of defendant to suppress the evidence is denied, and the case is remanded to the trial court for further proceedings.
REVERSED, MOTION TO SUPPRESS DENIED REMANDED.
BYRNES, J., dissents, assigning reasons.
BYRNES, Judge, dissents.
I must respectfully dissent. In my opinion it is unreasonable for one citizen to pursue and attack another in order to conduct what the majority concedes was an illegal search. Self help is not a valid method of enforcing the law in these circumstances. In my opinion this was an unreasonable and illegal search. I would affirm the ruling of the trial court.