22715

The STATE, Appellant v. Raymond McSWAIN, Respondent.

(355 S. E. (2d) 540)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Holman C. Gossett, Jr.,* Spartanburg, *for appellant.*

*J. C. Coleman,* Columbia, *for respondent.*

Heard April 6, 1987.

Decided April 27, 1987.

GREGORY, Justice:

The State appeals an interlocutory order suppressing evidence in this murder and arson case. We reverse.

Respondent's home was destroyed and his brother killed in a fire during the early morning hours of March 28, 1983. The following afternoon a claims adjuster from respondent's insurance carrier investigated the scene and noticed an "irregular pattern of burning." Two days later, at the claims adjuster's request, a fire accident analyst from an engineering consulting firm investigated the scene in respondent's absence and concluded the fire was intentional. The analyst took samples of material from the house and after obtaining a laboratory report submitted his findings to the insurance company. The insurance company also obtained a statement from respondent's neighbor indicating that respondent had made incriminating remarks about burning his house to collect the insurance money. The trial judge suppressed this evidence.

The fourth amendment is wholly inapplicable to a ■■ search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government and without the participation or knowledge of government officials. *United States v. Jacobsen,* 466 U. S. 109, 104 S. Ct. 1652, 80 L. Ed. (2d) (1984); *Burdeau v. McDowell,* 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048 (1921). The fourth amendment law relating to search and seizure applies only to government agents and not private persons. *State v. Sullivan,* 277 S. C. 35, 282 S. E. (2d) 838 (1981); *see*

*generally* Annot. 36 A.L.R. (3d) 553 (1971). The record indicates no government participation whatsoever in conducting the search and seizure here. The trial judge erroneously suppressed the evidence in this case.

Accordingly, the order of the Circuit Court is

Reversed.

NESS, C. J., HARWELL and FINNEY, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.