STATE OF NEBRASKA, APPELLEE, V. LAWRENCE F. HOULTON,
APPELLANT.
416 N.W.2d 588

Filed December 18, 1987.    No. 87-340.

Anthony S. Troia, for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

BOSLAUGH, CAPORALE, and SHANAHAN, JJ., and ROWLANDS, D.J., and COLWELL, D.J., Retired.

CAPORALE, J.

Defendant, Lawrence F. Houlton, appeals his conviction for second offense drunk driving and assigns as his sole error the failure of the trial court to suppress the evidence against him. We affirm.

On August 28, 1986, Kenneth Toms, an Iowa state trooper, was off duty and in Omaha on personal business. At about 1 p.m., he was driving his own automobile northward on 114th Street and saw Houlton driving southward toward Pacific Street. Houlton was slumped forward over the steering wheel of his automobile and was swerving on and off the shoulder.

Toms, who was wearing civilian clothing, turned his automobile around and drew up to Houlton's automobile, which was stopped at a traffic light. Toms got out of his vehicle, approached Houlton, and asked Houlton if he had been drinking. Houlton replied that he had. Toms then told Houlton that he was under citizen's arrest. Houlton turned his keys over to Toms as the latter requested. As Houlton left his automobile, he began to walk away, but Toms stopped him and had him wait while Toms moved both vehicles out of the traffic. Toms noted that Houlton exhibited all the characteristics of a person under the influence of alcohol: bloodshot eyes, slurred speech,

odorous breath, and poor balance and dexterity. Toms asked a witness to call the Omaha police.

After Toms described what had occurred, the Omaha officers arrested Houlton. Houlton failed an Alco-Sensor test which was administered by the police at the scene, and later tested at .298 on the Intoxilyzer.

Apparently recognizing that the evidence developed by Toms, combined with that developed by the police, if properly admitted, is sufficient to support his conviction, Houlton contends that all the evidence should have been suppressed because his initial arrest by Toms was unlawful. Neb. Rev. Stat. § 29-402 (Reissue 1985) provides: "Any person not an officer may, without warrant, arrest any person, if a petit larceny or a felony has been committed, and there is reasonable ground to believe the person arrested guilty of such offense, and may detain him until a legal warrant can be obtained." Driving while intoxicated is neither a felony nor a petit larceny; it is a Class W misdemeanor. Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1986). Thus, if Toms' actions constitute an arrest of Houlton, a matter we do not decide but assume to be so for the purpose of our analysis, it was an unlawful arrest.

The question thus becomes whether the evidence obtained as the result of Toms' unlawful citizen's arrest must be suppressed. In so arguing, Houlton notes that *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963), declares inadmissible evidence directly or indirectly derived from an unlawful arrest. It must be understood, however, that the rule rendering evidence derived from unlawful sources inadmissible is designed to discourage lawless police conduct, *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), and *Weeks v. United States*, 232 U.S. 383, 34 S. Ct. 341, 58 L. Ed. 652 (1914), and to discourage governmental officials from participating in or encouraging conduct which would be illegal if performed by the government. *Gundlach v. Janing*, 401 F. Supp. 1089 (D. Neb. 1975). It is not, however, a part of the "policy underlying the Fourth and Fourteenth Amendments to discourage citizens from aiding to the utmost of their ability in the apprehension of criminals." *Coolidge v. New Hampshire*, 403 U.S. 443, 488, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971).

Thus, it has been held that the exclusionary rule does not apply to citizens' arrests, *Com. v. Corley*, 507 Pa. 540, 491 A.2d 829 (1985); *State v. Clark*, 454 So. 2d 232 (La. App. 1984); *State v. Polk*, 482 So. 2d 21 (La. App. 1986), unless such an arrest was a part of the action taken by the State. *People v. Zelinski*, 24 Cal. 3d 357, 594 P.2d 1000, 155 Cal. Rptr. 575 (1979); *People v. Martin*, 225 Cal. App. 2d 91, 36 Cal. Rptr. 924 (1964); *Thacker v. Commonwealth*, 310 Ky. 702, 221 S.W.2d 682 (1949). Indeed, this court, in *State v. Bodtke*, 219 Neb. 504, 363 N.W.2d 917 (1985), held that an incriminating statement made by the defendant to his employer's representatives was admissible notwithstanding the fact that the defendant had not been given the *Miranda* warnings. See, also, *State ex rel. NSBA v. Douglas, ante* p. 1, 416 N.W.2d 515 (1987).

Defendant refers us, however, to *State v. Goff*, 174 Neb. 548, 118 N.W.2d 625 (1962), wherein we held that evidence obtained by an Iowa officer purporting to act under the arrest authority granted by Neb. Rev. Stat. § 29-416 (Reissue 1985) to foreign officers in fresh pursuit of one thought to have committed a felony and entering this state should have been excluded. In so ruling, we reasoned that as no fresh pursuit had been involved, § 29-416 did not apply, and, thus, the arrest incident to which the search resulting in the seizure had been made was unlawful. The situation in the case presently before us is distinguishable. In *Goff*, it was an Iowa police officer acting in the scope and course of his duties as such who effected the initial arrest and obtained the evidence. Thus, the acts of the Iowa officer were the acts of a State. In this case no State action was involved in the arrest by Toms; he was an off-duty police officer acting as a private citizen. Toms as a citizen then told the police what he saw, and the police, acting on the probable cause provided by the citizen's description, then developed additional cumulative evidence.

Under the circumstances, all the evidence was properly admitted; accordingly, the judgment of the district court is affirmed.

AFFIRMED.