23238

Lamar R. PETERS, Petitioner v. STATE of South Carolina, Respondent.

(393 S.E. (2d) 387)

Supreme Court

*Tara Dawn Shurling,* of *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Miller W. Shealy, Jr.,* Columbia, *for respondent.*

Heard June 6, 1990.

Decided July 2, 1990.

Toal, Justice:

Lamar R. Peters was convicted of possession of LSD with intent to distribute, possession of marijuana (fifth offense) and violation of liquor law. He was sentenced to: thirty (30) years for possession of LSD with intent to distribute, suspended upon the service of twenty-five (25) years, plus five (5) years probation; one (1) year, consecutive, for possession of marijuana; and six (6) months for violation of liquor law. Peters failed to properly appeal to this Court. Peters' application for post-conviction relief was next dismissed whereupon we granted *certiorari* to review this dismissal. We now affirm.

## FACTS

Linda Copeland, the State's chief witness at the trial in this case, visited her sickly sister Sharon W. Peters (petitioner's wife) approximately once a week. On one occasion while visiting, Copeland noticed a plastic bag sticking out from under a lamp next to her sister's bed. Curious, Copeland pulled the bag out from under the lamp, and realized that it contained a goodly quantity of "paper LSD." Copeland recognized the illegal drug readily, as her parents had earlier been convicted of dealing in it as well as other drugs. Copeland testified that, upon seeing the drug, she quickly replaced the plastic bag under the lamp. Copeland next contacted SLED, telling them she had seen what appeared to be LSD under a lamp in the Peters' living room, and that she did not "think that looked good going on around Sharon in the condition she was in." (Tr. 89, 11. 14-15).[1]

Copeland was told to meet with SLED agents immediately at a nearby Holiday Inn. The agents conducted a thorough search of Copeland's person and of her car and found no drugs present. They next directed her to proceed back to Peters' residence and retrieve some of the LSD from under the lamp. Copeland did so, while surveillance was maintained by SLED. Copeland and the agents then returned to the Holiday Inn, whereupon she delivered the LSD to them.

A search warrant of the Peters' home was next obtained,

---

[1] Sharon apparently suffered a ruptured aneurysm from which she never fully recovered.

and a search yielded "approximately a hundred and seventeen hits of LSD, a bag of marijuana, a joint, a couple of smoked roaches in a plastic bag, and three bottles of illegal liquor, commonly known as moonshine." (Tr. 42, 11. 6-9). Also found was a book entitled *"A Marijuana Grower's Guidebook."* (Tr. 44, 11. 3-4). The petitioner's theory and case was that Copeland planted all of the illegal substances, as well as the book, in the Peters' home before the search and before Copeland ever contacted SLED.

## LAW/ANALYSIS

The central issue of concern to us involves Peters' argument that his trial counsel was ineffective in failing to object to the admissibility of the seized contraband, since he contends the search and seizure were violative of the fourth and fourteenth amendments. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must initially show that his counsel's representation was deficient. *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984). In demonstrating deficiency, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." 466 U.S. at 688, 104 S. Ct. at 2065. We hold that the petitioner has failed to show that his counsel was deficient regarding the admissibility of the contraband.

The fourth amendment proscribes warrantless searches and seizures by the State, with some exceptions. This constitutional proscription does not apply to searches by private individuals not acting as agents of the State. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. (2d) 564 (1971), *reh. denied,* 404 U.S. 874, 92 S. Ct. 26, 30 L. Ed. (2d) 120. There is no question here that Copeland was acting free of State influence when she initially discovered the LSD and replaced it under the lamp. The issue thus becomes whether the subsequent re-search by Copeland of the same area, while she was under State control, is violative of constitutional restrictions.[2] If not, then Peters' counsel was not deficient in

[2] All other contraband was seized pursuant to warrant. Hence, only if Copeland's seizure of the small quantity of LSD from under the lamp was improper could the other contraband be held inadmissible. Such a ruling would have to be based on the "fruit of the poisonous tree" doctrine.

failing to make the argument against the admissibility of the contraband.

After a review of the authorities, we hold that Copeland's re-search of the area under the lamp (as well as her retrieval of a small amount of LSD from thereunder) is not invalid as violative of the fourth amendment. *See e.g. United States v. Bulgier,* 618 F. (2d) 472 (7th Cir. 1980), *cert. denied,* 449 U.S. 843, 101 S. Ct. 125, 66 L. Ed. (2d) 51 (reopening and reinspection of container's contents by or in the presence of government authorities following a private search of the same container does not constitute a separate, independent search requiring a warrant). *Accord, United States v. McDaniel,* 574 F. (2d) 1224 (5th Cir. 1978), *cert. denied,* 441 U.S. 952, 99 S. Ct. 2181, 60 L. Ed. (2d) 1057 (1979); *United States v. Blanton,* 479 F. (2d) 327 (5th Cir. 1973). Hence, we also hold that Peters' counsel was not deficient in this regard.

We affirm as to Peters' remaining argument pursuant to Supreme Court Rule 23. *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984) (even if a petitioner demonstrates his counsel was deficient, he must also show that there is a reasonable probability that, but for this deficiency, the result of the proceeding would have been different).

Accordingly, the judgment of the lower court is affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.