24306

The STATE, Respondent v. Thomas Christopher COONEY, Appellant.

(463 S.E. (2d) 597)

Supreme Court

*David I. Bruck,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr., Asst. Atty. Gen. Norman Mark Rapoport,* Columbia; and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Oct. 6, 1995.

Decided Aug. 28, 1995; Reh. Den. Sept. 22, 1995.

FINNEY, Justice:

Thomas Cooney and James Clinton Hale were indicted and tried for the murder of Carlton Williams. The jury acquitted Hale, but convicted Cooney of murder. Cooney appeals his conviction. We reverse in part and affirm in part.

The facts are summarized as follows. Cooney and Hale's plumbing supply business was burglarized several times and copper tubing was taken. After the last burglary Cooney and Hale discovered copper tubing concealed in plastic garbage bags in a wooded area about one-fourth of a mile behind their business. They decided to stake out the location to catch the burglar when he returned to retrieve the tubing.

Carlton Williams eventually appeared and went directly to the tubing. Cooney and Hale, with pistols loaded with hollow point bullets, approached Williams and told him they were going to take him to the police. They asked Williams if he had robbed their store and according to Cooney and Hale, Williams confessed to the robbery. As they walked back towards the store, Williams (who was unarmed) attempted to run away. Hale stated he shot warning shots at Williams' feet to make him stop. Williams complied at first, but later ran away with Cooney and Hale shooting after him. Both claimed to have been shooting at the ground and not aiming to kill him. However, the autopsy report showed that Williams was shot in each hip. Cooney and Hale left after shooting Williams. The following morning, Cooney returned and found the body of Williams. Sometime later that morning Cooney and Hale reported the killing to the police.

During the trial, Appellant Cooney interjected citizen's arrest as a defense to murder. At the conclusion of the trial appellant requested several charges pertaining to citizen's arrest. The trial judge ruled that based on *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed. (2d) 1 (1985) the

use of deadly force to apprehend a suspect is not justified where the suspect poses no immediate threat to the person making the arrest and others. Additionally, the judge found that S.C. Code Ann. § 17-13-10 (1985)[1] does not authorize the use of deadly force.

Appellant contends the trial judge erred in refusing to instruct the jury on the law of citizen's arrest because the evidence demonstrated the killing was justifiable as it was reasonably necessary to effect Williams' arrest for a felony. Appellant cites the following language in *State v. Nall,* 304 S.C. 332, 404 S.E. (2d) 202 (Ct. App. 1991) as support: "[i]f after notice of arrest, the suspect attempts to flee or forcibly to resist arrest, the person making the arrest may use reasonable means to effect it."

The law to be charged must be determined from the evidence presented at trial. *State v. Lee,* 298 S.C. 362, 380 S.E. (2d) 834 (1989). An instruction should not be given unless justified by the evidence. *State v. Weaver,* 265 S.C. 130, 217 S.E. (2d) 31 (1975). Appellant must have presented facts establishing that a defense of citizen's arrest is appropriate in order to be entitled to a charge.

In *Tennessee v. Garner, supra,* the U.S. Supreme Court held it is unconstitutional under the Fourth Amendment to use deadly force except in certain circumstances. *Garner,* which involved a determination of civil liability as opposed to criminal liability, dealt with the use of deadly force by a police officer while attempting to arrest a fleeing felon. The Fourth Amendment proscription against warrantless searches and seizures does not apply to searches by private individuals not acting as agents of the State. *Peters v. State,* 302 S.C. 59, 393 S.E. (2d) 387 (1990). We extend the reasoning in *Peters* to apply to seizures by private citizens. Cooney was acting free of State influence when he attempted to arrest Williams. Accordingly, we find the holding in *Garner* does not apply to seizures by private persons and does not change the State's criminal law with respect to citizens using

---

[1] "Upon (a) view of a felony committed, (b) certain information that a felony has been committed or (c) view of a larceny committed, any person may arrest the felon or thief and take him to a judge or magistrate, to be dealt with according to law." S.C. Code Ann. § 17-13-10 (1985).

force in apprehending a fleeing felon. *People v. Couch*, 436 Mich. 414, 461 N.W. (2d) 683 (1990).[2]

In order to invoke the defense of justifiable killing in apprehending a fleeing felon, appellant at a minimum must show that he had certain information that a felony had been committed, § 17-13-10(b), and he used reasonable means to effect the arrest, *State v. Nall, supra*. There was evidence presented that appellant had certain information that a felony had been committed. However, State courts examining similar situations have found that whether reasonable force was used to apprehend a fleeing felon is a factual question left to the jury. *People v. Couch, supra; State v. Clarke*, 61 Wash. (2d) 138, 377 P. (2d) 449 (1962).

The determination of reasonableness depends upon the facts of the case and is a question for the jury unless there is no evidence to support a finding of reasonableness. The trial judge found killing an unarmed fleeing suspect is per se unreasonable. We hold it was reversible error to not charge the jury on the common law of citizen's arrest and the use of reasonable force since evidence placed appellant's reasonableness in apprehending Mr. Williams in issue.

Next, appellant contends the trial court improperly excluded testimony of William's involvement in burglarizing the plumbing store. The trial court excluded the testimony because at the time of the killing, appellant was unaware of the facts as proffered by the witnesses. Appellant's actions were based on finding Williams near the copper tubing which he believed had been stolen from his store.

The trial judge is given broad discretion in ruling on questions concerning the relevancy of evidence, and his decision will not be disturbed on appeal unless there is a clear abuse of discretion. *State v. Alexander*, 303 S.C. 377, 401 S.E. (2d) 146 (1991). Evidence is only relevant and admissible if it tends to establish or make more or less probable some matter in issue and bears directly or indirectly thereon. *State v. Sims*, 304 S.C. 409, 405 S.E. (2d) 377 (1991).

---

[2] In *People v. Couch*, which involved a private person, the court found that: 1) *Garner* was a civil case which made no mention of the officer's criminal responsibility for his "unreasonable" actions; 2) the United States Supreme Court is without authority to require a state to make shooting a nondangerous fleeing felon a crime; and 3) the U.S. Supreme Court has never expressed an intent to make the above a crime.

The excluded evidence was not relevant. Actual guilt of the suspect is not required to justify a citizen's arrest. S.C. Code Ann. § 17-13-10. The right to make a citizen's arrest may be based on certain information that a felony has been committed. There was evidence admitted which established that appellant had information that a felony had been committed. Furthermore, under *State v. Nall, supra,* if it was later found the person arrested did not commit the felony, the arrest would still be lawful if there was reasonable cause for suspicion. The trial judge did not abuse his discretion in excluding evidence tending to show the victim committed the burglary.

Finally, appellant maintains the trial court erred in refusing to charge the jury on the law of involuntary and voluntary manslaughter. A lesser included offense instruction is required only when the evidence warrants such an instruction. *State v. Atkins,* 293 S.C. 294, 360 S.E. (2d) 302 (1987). It is not error to refuse to charge the lesser included offense unless there is evidence tending to show that the defendant was guilty only of the lesser offense. *Id.* There is no error in the refusal to charge the law of involuntary manslaughter when the defendant admitted intentionally firing the gun, but claimed he only meant to shoot over the victim's head. *Bozeman v. State,* 307 S.C. 172, 414 S.E. (2d) 144 (1992).

The trial judge did not err in refusing to charge the jury on the law of involuntary manslaughter as the evidence did not support such charge. Appellant admitted shooting the gun towards the ground at the victim's feet. Appellant not only admitted firing the gun but admitted that he intended to shoot at the victim. There was no evidence to support a claim of mere criminal negligence in the use of a dangerous instrumentality.

Appellant asserts the court erred in not giving an instruction on voluntary manslaughter.[3] Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon a sufficient legal provocation. *State v. Norris,* 253 S.C. 31, 168 S.E. (2d) 564 (1969). There was no evidence presented that appellant was in a sudden

---

[3] Procedurally, this issue was not preserved as appellant did not request a specific charge on voluntary manslaughter, *State v. Bailey,* 298 S.C. 1, 377 S.E. (2d) 581 (1989), but mentioned it in reference to involuntary manslaughter.

heat of passion. The only reason appellant gave for shooting the victim was because he was escaping. The victim did not attack appellant, nor was he armed. The victim was fifteen to twenty feet away at the time appellant fired his gun three to four times at the victim. There was no evidence that appellant was provoked by the victim at the time of the killing. The trial court did not err in declining to charge voluntary manslaughter.

For the foregoing reasons we reverse on the issue of charging the law on citizen's arrest and affirm on the issues of excluding evidence and charging the jury on involuntary and voluntary manslaughter.

Reversed in part; affirmed in part.

CHANDLER, C.J., and TOAL, MOORE and WALLER, JJ., concur.