516 S.E.2d 468

**TOWN OF MOUNT PLEASANT, Appellant,**

v.

**Virginia D. JONES, Respondent.**

**No. 2982.**

Court of Appeals of South Carolina.

Heard Jan. 12, 1999.

Decided April 26, 1999.

P. Steven Barkowitz, of Charleston, for appellant.

Lon H. Shull, III, of Andrews & Shull, of Mt. Pleasant, for respondent.

CONNOR, Judge:

Virginia Jones was arrested and charged with driving under the influence. The municipal court dismissed the charge based upon an unlawful citizen's arrest, and the circuit court affirmed. The Town of Mount Pleasant (the Town) appeals. We reverse and remand.

## FACTUAL/PROCEDURAL BACKGROUND

On February 7, 1996, James Scarborough, a private detective and volunteer fireman, was traveling over the Cooper River Bridge towards Mount Pleasant. He noticed Virginia Jones driving erratically. Scarborough called 911 and informed the police department. After crossing the bridge, Scarborough turned on the emergency red flashing light used in his duties as a volunteer fireman. Jones pulled over to the side of the road because she believed an emergency vehicle was trying to pass. When Jones pulled over, Scarborough yelled at Jones to "stay there, remain in your car." Scarborough held Jones on the side of the road until police officers arrived. She did not feel she could leave safely because it was obvious Scarborough intended to detain her.

Within approximately five minutes, Officer Phipps, a Town of Mount Pleasant police officer, arrived on the scene. Officer Phipps conducted field sobriety tests and then arrested Jones for driving under the influence. Upon arrival at the police station, the officers conducted a breathalyzer test.

Jones made a motion before the municipal court to dismiss the case or suppress evidence obtained from the arrest.[1] The judge did not reach the suppression issue. Rather, he found Jones was unlawfully "restrained and arrested by [a] private citizen, Mr. Scarborough."[2] As a result, he dismissed Jones's charge for driving under the influence.[3]

The Town appealed to the circuit court. The Town argued the municipal court judge erred in dismissing the case because "the Fourth Amendment [proscription] against warrantless search[es] and seizures does not apply to actions by private citizens.... [Therefore], regardless of the actions of the private citizen, Mr. Scarborough's actions, it does not affect the validity of [the officer's actions once the officer arrived on the scene]." The Town asserted the officer acted properly in lawfully arresting Jones when he arrived on the scene. Therefore, the invalidity of Scarborough's initial detention was irrelevant. The judge "agree[d] ... that there was an improper arrest in this case" and affirmed the decision of the municipal court judge. He issued a form order affirming the municipal court judge's decision. The Town appeals.

## DISCUSSION

Recently, this Court considered the question of whether a private citizen has the authority to make a warrantless arrest of another person for driving under the influence. *State v. McAteer*, 333 S.C. 615, 511 S.E.2d 79 (Ct.App.1998) (en banc). In *McAteer*, an off-duty Rock Hill police officer was driving

---

1. The parties did not make oral arguments before the municipal court judge. The parties presented memoranda of law to the judge who then issued his ruling on the record. The memoranda of law are not a part of the record on appeal. Therefore, we do not know the precise arguments made to the municipal court judge.

2. The ruling was based on S.C.Code Ann. §§ 17–13–10 and 17–13–20 (1985 & Supp.1998) and *State v. Nall*, 304 S.C. 332, 404 S.E.2d 202 (Ct.App.1991).

3. The municipal court judge declined to rule on the issue of probable cause to arrest once the police officers arrived on the scene. He did, however, mention on the record that he thought the appropriate charge would have been public drunkenness. The circuit court judge also indicated he believed the appropriate charge was for public drunkenness.

his personal vehicle in York County, outside of his territorial jurisdiction, when he observed a vehicle stopped in the middle of the road with its interior light on. The officer stopped his vehicle and approached the other vehicle on foot to investigate. As McAteer rolled down the window, the officer smelled alcohol coming from the vehicle. He also noticed several open alcoholic beverage containers lying in the front and back seats. The officer detained McAteer until a trooper with the South Carolina Highway Patrol arrived. After administering several field sobriety tests, the trooper arrested McAteer for driving under the influence of alcohol. Subsequently, McAteer registered a reading of .18 on the Datamaster breath test.

At trial, McAteer sought to suppress all evidence resulting from his arrest. He argued the arrest was illegal because the Rock Hill police officer had no police power to arrest outside his jurisdiction and no power to make a citizen's arrest under the circumstances. The circuit court judge denied McAteer's motion and subsequently convicted him in a bench trial.

In a split decision, the majority opinion of this Court held the police officer had authority as a private citizen under the common law to detain McAteer for a misdemeanor involving a breach of the peace. At first blush *McAteer* appears dispositive of this case. However, the validity of Scarborough's "citizen's arrest" is not at issue in this case.[4]

The municipal court judge found Jones was unlawfully restrained and arrested by Scarborough, a private citizen. Additionally, the circuit court judge agreed there was an improper arrest by Scarborough. The Town has not appealed the rulings concerning the invalidity of the citizen's arrest. In fact, the Town argues the invalidity of the arrest is irrelevant to this appeal. The Town maintains whether an illegal citizen's arrest had occurred is immaterial and merely serves as a red herring which affected the reasoning of the circuit court. Because the Town has failed to appeal the lower courts' ruling that the citizen's arrest was invalid, it is the law of this case that Scarborough's detention of Jones was unlawful. *See ML–*

---

4. We note the result of this case would be the same if the decision in *McAteer* were applicable. Based on the prevailing view in *McAteer,* Scarborough's arrest of Jones would have been lawful. As such, any evidence obtained as a result of the lawful arrest would have been admissible at trial.

*Lee Acquisition Fund, L.P. v. Deloitte & Touche*, 327 S.C. 238, 489 S.E.2d 470 (1997) (an unchallenged ruling, right or wrong, is the law of the case); *Continental Ins. Co. v. Shives*, 328 S.C. 470, 492 S.E.2d 808 (Ct.App.1997) (a lower court's unappealed ruling becomes the law of the case, and the appellate court must assume the ruling was correct).

On appeal, the Town argues the circuit court erred in dismissing the case because the improper citizen's arrest had no effect on the admissibility of evidence discovered by police authorities after their arrival at the scene.

 As a threshold issue, the illegal citizen's arrest imposed no jurisdictional bar to the subsequent prosecution of Jones. Our Supreme Court has repeatedly held an illegal arrest does not preclude the subsequent prosecution or conviction of the defendant for the offense charged. *See State v. Biehl*, 271 S.C. 201, 246 S.E.2d 859 (1978) (The illegality of an initial arrest does not bar a defendant's subsequent prosecution and conviction of the offense charged.); *State v. McCoy*, 255 S.C. 170, 177 S.E.2d 601 (1970) (The fact that an initial arrest may have been unlawful does not bar prosecution of the defendant based on a subsequent indictment by which the court acquires jurisdiction.); *State v. Holliday*, 255 S.C. 142, 177 S.E.2d 541 (1970) (An unlawful arrest does not preclude the prosecution of the defendant and does not require reversal of the subsequent conviction where all other elements necessary to give a court jurisdiction are present.); Wayne R. LaFave, 1 Search and Seizure: *A Treatise on the Fourth Amendment* § 1.9 (3d ed. 1996) ("[A]n illegal arrest does not divest the trial court of jurisdiction over the defendant or otherwise preclude his trial."). Accordingly, Jones's charge for driving under the influence should not have been dismissed because of an illegal citizen's arrest.

The question then becomes whether the evidence obtained as a result of Jones's unlawful citizen's arrest must be suppressed. The Fourth Amendment to the United States Constitution provides the federal government shall not violate "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures...." U.S. Const. amend. IV. The United States Supreme Court extended the constitutional protection against

unreasonable searches and seizures to those involving state action. *Elkins v. United States,* 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). The exclusionary rule, a sanction to enforce the protection of the Fourth Amendment, is applicable to state action through the Fourteenth Amendment. *Mapp v. Ohio,* 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) ("[A]ll evidence obtained by searches and seizures in violation of the Constitution is . . . inadmissible in a state court.").

■ Fourth Amendment protection against unreasonable searches and seizures, however, applies only to governmental action and not to action by private citizens acting in a private capacity. *Burdeau v. McDowell,* 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). In interpreting the Fourth Amendment, the United States Supreme Court has stated the Fourth Amendment's "origin and history clearly show that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies. . . ." *Id.* at 475, 41 S.Ct. 574.

Accordingly, our Supreme Court has stated, "[t]he fourth amendment is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government and without the participation or knowledge of government officials." *State v. McSwain,* 292 S.C. 206, 207, 355 S.E.2d 540, 541 (1987); *see State v. Copeland,* 321 S.C. 318, 468 S.E.2d 620 (1996) (The "fruit of the poisonous tree" doctrine holds that where evidence would not have come to light but for the illegal actions of the police, and the evidence has been obtained by the exploitation of the illegality, the evidence must be excluded.). Our Supreme Court has consistently followed this interpretation. *See State v. Cooney,* 320 S.C. 107, 463 S.E.2d 597 (1995) (The Fourth Amendment proscription against warrantless searches and seizures does not apply to searches or seizures by private individuals not acting as agents of the State.); *State v. Cohen,* 305 S.C. 432, 409 S.E.2d 383 (1991) (The Fourth Amendment does not bar a search or seizure by a private party.); *Peters v. State,* 302 S.C. 59, 393 S.E.2d 387 (1990) (The Fourth Amendment's constitutional proscription against warrantless searches and seizures does not apply to searches by private individuals not acting as agents of the State.).

█ In this case, Jones has never specifically argued Scarborough's illegal arrest involved state action. The municipal court judge concluded Scarborough, as a private citizen, illegally arrested Jones. On appeal to the circuit court, the Town argued the Fourth Amendment proscription against warrantless searches and seizures did not apply to the actions of private citizens. It further alleged, the actions of Scarborough, a private citizen, did not invalidate the actions of Officer Phipps, an agent of the State, when he arrived at the scene. In response, Jones did not dispute the conclusion Scarborough acted as a private citizen. Instead, she asserted the citizen's arrest was invalid, and, alternatively, Officer Phipps lacked probable cause to arrest Jones for driving under the influence.

On appeal, Jones does not refute the Town's argument that the illegal citizen's arrest did not affect the admissibility of the evidence because the Fourth Amendment protections applied only to the action of Officer Phipps, as an agent of the State, and not to Scarborough, as a private citizen. Instead, Jones dismisses the Town's exclusionary rule arguments as inapplicable to this case. At oral argument, Jones did allude to Scarborough's use of his red emergency light as constituting an indicia of state authority; however, she never specifically argued Scarborough's actions constituted state action sufficient to invoke the exclusionary rule. Moreover, she admitted Scarborough was not directly an agent of the State.

Because Jones has not specifically appealed the trial courts' holding that Scarborough's actions were that of a private citizen, the law of this case is that the initial arrest did not involve state action.[5] *See Resolution Trust Corp. v. Eagle Lake & Golf Condominiums*, 310 S.C. 473, 427 S.E.2d 646 (1993) (an unappealed ruling becomes law of the case). Moreover, the trial courts did not rule on whether Scarborough's

---

**5.** However, at least one state court has found actions similar to those of Scarborough did not constitute state action. *State v. Andrews*, 33 Conn.App. 590, 637 A.2d 787 (1994) (off-duty auxiliary police officer/volunteer fireman driving his personal vehicle equipped with a blue fire department light, acted as a private citizen rather than in his official capacity when, outside of his jurisdiction, he observed defendant driving erratically, caused defendant to pull over after activating his blue flashing emergency light, and told defendant to wait until the police arrived who then conducted field sobriety tests, and, as a result, arrested defendant for driving under the influence).

actions constituted state action. This decision requires a factual determination which we would be unable to make for the first time on appeal. *See State v. Cohen,* 305 S.C. 432, 436, 409 S.E.2d 383, 386 (1991) (When determining whether a private citizen's search or seizure constituted state action, a court should consider the totality of the circumstances and the following factors: 1) the citizen's motivation for the search or seizure; 2) the degree of governmental involvement, such as advice, encouragement, knowledge about the nature of the citizen's activities; and 3) the legality of the conduct encouraged by the police.).

Therefore, Scarborough's actions were that of a purely private citizen and, as a result, the exclusionary rule is inapplicable. Thus, any evidence obtained as a result of Scarborough's arrest should not be excluded at Jones's trial.[6]

Other jurisdictions considering similar circumstances have reached the same result. For example, in *State v. Hart,* 669 N.E.2d 762 (Ind.Ct.App.1996), Hart was arrested by a private citizen and subsequently arrested by police for operating a vehicle while intoxicated. The private citizen observed Hart's erratic driving, and when Hart stopped his vehicle, the private citizen exited his vehicle, reached through an open window of

---

6. In *McAteer,* the majority stated, "McAteer is correct that if such a detention is unlawful, any evidence stemming from the detention must be excluded as 'fruit of the poisonous tree.' " *State v. McAteer,* 333 S.C. 615, 511 S.E.2d 79 (Ct.App.1998) (en banc). Although our conclusion in this case is seemingly inconsistent with the majority's statement, the instant case is distinguishable from *McAteer.* Unlike Scarborough, a purely private citizen, the officer was in full uniform, i.e., clothed in the color of his office, when he made the extraterritorial arrest of McAteer. Thus, the officer's actions were sufficient to constitute state action which would have invoked the protections of the Fourth and Fourteenth Amendments. *See Commonwealth v. Bradley,* 724 A.2d 351 (Pa.Super.Ct.1999) (in prosecution for driving under the influence, evidence properly suppressed based on exclusionary rule where off-duty police officer, after observing motorist's erratic driving, "act[ed] under color of state law" outside of his jurisdiction when he illegally detained motorist until police officers arrived); *State v. Hodgson,* 200 A.2d 567 (Del.Super.Ct.1964) (evidence of motorist's intoxication properly suppressed where Pennsylvania police officer, who lacked authority to arrest as a police officer in Delaware and was without authority as a private citizen, pursued and ultimately illegally arrested motorist in Delaware for driving under the influence after observing motorist commit a Pennsylvania traffic violation).

Hart's car, put the vehicle in park, removed Hart's keys, and told Hart he was "trying to keep [Hart] from killing somebody." *Id.* at 763. Hart was unable to sit upright and smelled heavily of alcohol. Another motorist called the police. Hart alleged the citizen's arrest was unlawful and moved to suppress the evidence discovered as a result of the arrest. The trial judge granted the motion to suppress. The Court of Appeals reversed. The Court noted that "a citizen's arrest, which does not involve state action, and which would include an arrest made by an off-duty police officer who does not purport to act in his official capacity, is not governmental law enforcement conduct." *Id.* at 765. The Court held the citizen's arrest valid, but further opined:

[e]ven if the citizen's arrest of Hart had been unlawful, the evidence discovered as a result of the arrest would not have been excluded at his trial. The constitutional protection against unreasonable searches and seizures does not apply to actions of private persons when they are not acting as agents of police authorities. The rationale for the rule is that the Fourth Amendment was historically directed at governmental law enforcement conduct, and the exclusionary rule, which is aimed at governmental law enforcement misconduct, would serve no useful purpose when applied to private persons. Here, if the citizen's arrest had been unlawful, [the citizen] might have incurred liability for damages, but the evidence would not have been suppressed.

*Id.* at 765–66 (citations omitted).

The Supreme Court of Nebraska considered a similar scenario. *State v. Houlton*, 227 Neb. 215, 416 N.W.2d 588 (1987). Houlton, who was arrested by an off-duty Iowa state trooper acting as a private citizen, was subsequently arrested by Omaha police for driving while intoxicated. While the trooper was driving his own personal vehicle, he observed Houlton slumped over the wheel of his vehicle and swerving on and off the shoulder of the road. At a traffic light, the trooper drove up next to Houlton's vehicle. The trooper, wearing civilian clothing, approached Houlton and asked him if he had been drinking. Houlton replied that he had. The trooper then informed Houlton he was under citizen's arrest. He observed Houlton had bloodshot eyes, slurred speech, smelled of alcohol, and had poor balance and dexterity. The trooper asked a

witness to call the Omaha police. After the trooper described what had occurred, the Omaha police arrested Houlton. Later, Houlton registered a .298 on the Intoxilyzer.

Houlton asserted all of the evidence should have been suppressed because his initial arrest by the trooper was unlawful. The Nebraska Supreme Court assumed, without deciding, the trooper's arrest of Houlton was unlawful. *Id.* at 589. The Court went on to consider the question of whether the evidence obtained as a result of the trooper's unlawful citizen's arrest had to be suppressed. The Court held the exclusionary rule did not apply to a citizen's arrest unless such an arrest was a part of the action taken by the State. *Id.* at 590. Applying that decision to the facts of the case, the Court concluded all of the evidence was properly admitted. The Court reasoned that no state action was involved in the arrest by the trooper because he was an off-duty police officer acting as a private citizen. The trooper as a private citizen then told police what he observed. The police, acting on the probable cause provided by the citizen's description, developed additional cumulative evidence. *Id.*

Our research reveals relatively few cases from other jurisdictions considering the precise question of whether the exclusionary rule applies to an unlawful citizen's arrest precipitating a subsequent arrest for driving under the influence. Because the exclusionary rule is not an offense-specific concept, we need not restrict our review of other jurisdictions to its application in the limited context of driving under the influence. We are able to find additional support for our decision in cases where courts in other jurisdictions have considered this question when it arose in the context of other criminal offenses. *See, e.g., Smith v. State,* 258 Ind. 594, 283 N.E.2d 365 (1972) (although citizen's arrest of defendant for possession of marijuana was legal, an illegal citizen's arrest would not have required the suppression of evidence obtained as a result of such an arrest); *State v. Clark,* 454 So.2d 232 (La.Ct.App.1984) (exclusionary rule did not apply to evidence seized by private citizen even though citizen had no authority to make private arrest for a misdemeanor and had no right to conduct a private search of the defendants who, as a result of the seizure, were ultimately charged with misdemeanor hunting offenses); *Commonwealth v. Corley,* 507 Pa. 540, 491

A.2d 829, 834 (1985) (Because the exclusionary rule is designed "to prevent, not to repair" and is aimed at "official misconduct," it is inapplicable to a citizen's arrest.); *State v. Farmer*, 193 W.Va. 84, 454 S.E.2d 378, 383 n. 7 (1994) (evidence obtained by a private citizen conducting an illegal citizen's arrest would not be excluded at trial for the offense charged because private citizens cannot violate the Fourth Amendment).

Although the evidence obtained from Scarborough's arrest of Jones should not be excluded at trial, we express no opinion concerning whether the Town of Mount Pleasant officer had sufficient probable cause to arrest Jones for driving under the influence. Because the municipal court judge and the circuit court judge specifically declined to rule on this issue, it is not properly before us for appellate review. *See State v. Byram*, 326 S.C. 107, 485 S.E.2d 360 (1997) (to be preserved for appeal, an issue must be raised to and ruled on by the trial judge).

Accordingly, the decision of the circuit court is

**REVERSED AND REMANDED.**

HEARN and HUFF, JJ., concur.