21522

The STATE, Respondent, v. Willie Lee FRIEND and James Calvin Scott, Appellants.

(281 S. E. (2d) 106)

*Chief Atty. John L. Sweeny* and *Deputy Appellate Defender Vance J. Bettis,* S. C. Commission of Appellate Defense, Columbia, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe* and *Lindy P. Funkhouser,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

July 21, 1981.

LITTLEJOHN, Justice:

The defendants, Willie Lee Friend and James Calvin Scott, were convicted of assault and battery with intent to kill and

sentenced to terms of 15 years imprisonment. They have appealed. The only issue submitted to the court is whether the trial judge adequately charged the law of implied malice from the use of a deadly weapon.

The evidence reveals and the jury obviously concluded that each of the two defendants fired a pistol into the body of the victim with intent to kill him.

Traditionally in this state the trial judges have charged the law of assault and battery with intent to kill by paralleling the required proof with that proof necessary when the charge is murder. Murder is defined in § 16-3-10, *Code of Laws of South Caroina* (1976) as ". . . the killing of any person with malice aforethought, either expressed or implied." The jury is told that the only difference between assault and battery with intent to kill and murder is that in the latter offense the victim dies. For both offenses, then, the trial judge must explain "malice aforethought, either expressed or implied." In describing the law of implied malice in the present case, the pertinent portion of the judge's charge was as follows:

"Assault and battery with intent to kill is such an assault and battery that if the victim had died, the person or persons making the assault would be guilty of murder. . . . This contains all the elements of murder except the actual death of the person assaulted, so that before the accused can be convicted of this offense, the jury must be satisfied beyond a reasonable doubt from the evidence that if the party assaulted had died as a result of the injury, the defendant would have been guilty of murder.

\* \* \*

Malice can be expressed or implied. Expressed malice is where a person by word of mouth expresses hatred or ill will for another or where the State shows preparation to carry out the assault prior to the actual commission . . . Now as to implied malice. The law implies malice where the deed

that's done or is done with a deadly weapon which when used with intent to injure another person it may be calculated to produce death or serious bodily harm. This is implied malice. Malice is implied from the general nature of the act where there is exhibited a wicked, low, depraved or malignant spirit."

Prior to this charge on the law of implied malice, the judge had stated to the jury:

"To this indictment the defendants have pled not guilty, which places upon the State, acting through the Solicitor's office, the burden of proving the defendants guilty. A person charged with committing a criminal offense in South Carolina is never required to prove himself or herself innocent. . . . So the burden of proof is upon the State to establish by evidence to your satisfaction the guilt beyond a reasonable doubt of these defendants here on trial for the crime of assault and battery with intent to kill."

Upon completion of the entire charge, defense counsel requested the judge to additionally charge that the inference of malice arising from the use of a deadly weapon is a rebuttable presumption. The judge declined the request. The defendants now argue that the denial of the request deprived them of due process and of a fair trial, citing *Mullaney v. Wilbur,* 421 U. S. 684, 95 S. Ct. 1881, 44 L. Ed. (2d) 508 (1975). They submit that the charge tends to relieve the State of the burden of proof and shifts that burden to the defendants.

In *State v. Crocker* 272 S. C. 344, 251 S. E. (2d) 764 (1979), this court dealt with a similar charge. From our opinion we quote the following:

"Appellant next challenges the constitutionality of the South Carolina law of implied malice. Malice aforethought may be implied by the jury from the intentional doing of an unlawful act without just cause or excuse. *State v. Fields,* 264 S. C. 260, 214 S. E. (2d) 320 (1975), *cert. denied,*

423 U. S. 925, 96 S. Ct. 269, 46 L. Ed. (2d) 252 (1975);
*State v. Henderson,* 74 S. C. 477, 55 S. E. 117 (1906).
Malice also may be presumed from the use of a deadly Weap-
pon. *State v. Levelle,* 34 S. C. 120, 13 S. E. 319 (1890);
*State v. Fuller,* 229 S. C. 439, 93 S. E. (2d) 463 (1956);
*State v. Arnold,* 266 S. C. 153, 221 S. E. (2d) 867 (1976).

The trial court charged both precepts of implied malice;
appellant asserts this violated the rule of *Mullaney v. Wilbur.*
We do not believe the South Carolina doctrine of implied
malice contravenes the due process requirements of *Mullaney.*
The implication arising from the doctrine does not give rise
to a conclusive presumption requiring a definite quantum of
proof in rebuttal by the defendant. There is no shift of the
burden of persuasion to the defendant, as occurred under the
Maine rule in *Mullaney.* The resulting implication only per-
mits rather than requires the jury to infer malice. Accord-
ingly, the doctrine of implied malice in this State is dis-
tinguishable from the Maine practice declared unconstitu-
tional in *Mullaney v. Wilbur."*

After Crocker, and after the charge made in the case *sub
judice,* we dealt with a similar charge again. In *State v.
Mattison,* S. C., 277 S. E. (2d) 598 (1981), we said:

"While we find no reversible error in the present instruc-
tions, we strongly suggest to the Trial Bench that a more ap-
propriate instruction on implied malice would deal with the
evidentiary nature of the presumption and that the implica-
tion does not require the jury to infer malice but only per-
mits it. In other words, the presumption or inference of mal-
ice from the use of a deadly weapon is simply an evidentiary
fact to be taken into consideration by the jury, along with
other evidence in the case, and to be given such weight as the
jury determines it should receive. The inference of malic may
be drawn from proof of the use of a deadly weapon if the jury
concludes such is proper after considering all of the facts and
circumstances in evidence. See: *State v. DeWitt,* 254 S. C.
527, 176 S. E. (2d) 143."

We have reviewed the charge as a whole and conclude that a juror could not have reasonably believed that evidence of the use of a deadly weapon by defendants dictated a finding of malice. This court has held on many occasions that the charge of a judge should be reviewed as a whole. Under the charge at issue, a finding of malice is not automatically implied by law upon showing the use of a deadly weapon, but instead is conditioned upon additional findings by the jury based on the whole of the evidence.

The verdict of the trial court is

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.