0363

The STATE, Respondent, v. Louis R. HILTON, Appellant.

(325 S. E. (2d) 575)

Court of Appeals

*Asst. Appellate Defender Tara D. Shurling* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Nov. 21, 1984.

Decided Jan. 14, 1985.

CURETON, Judge:

A jury convicted appellant Louis Hilton of assault and battery, with intent to kill. Hilton claims that there was evidence showing that he had no intent to kill his victim and therefore the trial judge should have charged the jury on the lesser included offense of assault and battery of a high and aggravated nature. We agree and reverse.

Hilton and his victim, Joseph McKelvie, were standing on a sidewalk by a railroad crossing when the incident occurred. The evidence indicates that they may have been arguing, but there was no evidence of a physical fight. McKelvie was drunk at the time; Hilton was not. Two witnesses testified they saw Hilton push McKelvie into an on-coming locomotive. Conversely, Hilton testified that McKelvie bolted into the train of his own will. Although denied by Hilton, a detective who interrogated Hilton on the night of the occurrence, testified that Hilton told him that McKelvie was injured when he slipped and fell while tugging on Hilton's "red rag."[1]

McKelvie is presently in a nursing home having suffered severe and permanent brain damage. He is unable to communicate or make a statement about the event.

The trial judge refused Hilton's request for a jury charge on aggravated assault and battery stating that the evidence showed that Hilton either pushed McKelvie into the train intending to kill him or that it was an accident. The trial judge also found no evidence to show that Hilton was provoked to assault McKelvie.

The sole issue on appeal is whether the trial court ■ should have charged the jury on aggravated assault and battery. We hold that it should have because we think that there was evidence from which the jury could have found Hilton guilty only of the offense of assault and battery of a high and aggravated nature. *State v. Burgess*, 278 S. C.

---

[1] The red rag was apparently carried by Hilton as a symbol of his "toughness."

497, 299 S. E. (2d) 328 (1983); *State v. Mickle*, 273 S. C. 71, 254 S. E. (2d) 295 (1979); *State v. Funchess*, 267 S. C. 427, 229 S. E. (2d) 331 (1976).

Assault and battery with intent to kill requires a finding of a specific intent to kill. The "gist of the offense is the intent, though there must also be some action in the direction of such an intent and the agency used to effect the intent may or may not be sufficient for the purpose." *State v. Self*, 225 S. C. 267, 270, 82 S. E. (2d) 63, 64 (1954). On the other hand, the offense of assault and battery of a high and aggravated nature is "an unlawful act of violent injury to the person of another, accompanied by circumstances of aggravation . . ." *State v. Self*, 225 S. C. at 271, 82 S. E. (2d) 63.

In the early case of *State v. Jones*, 133 S. C. 167, 130 S. E. 747 (1925), the offenses of assault and battery with intent to kill and assault and battery of a high and aggravated nature were analogized to the offense of murder and the lesser offense of manslaughter, respectively. Comparing these two degrees of assault and battery to the two degrees of homicide, it becomes apparent that the offense of assault and battery with intent to kill requires a finding of malice in addition to the intent to kill. *State v. Self*, 225 S. C. at 270, 82 S. E. (2d) 63.

In *In Re Winship*, 397 U. S. 358, 90 S. Ct. 1068, 25 L. Ed. (2d) 368 (1970), the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.* at 364, 90 S. Ct. at 1073. The appellant in the present case was charged with assault and battery with the intent to kill. He requested a jury instruction on the lesser offense of assault and battery of a high and aggravated nature. Clearly an indictment for the greater offense would have supported a conviction for the lesser. *State v. Hiott*, 276 S. C. 72, 276 S. E. (2d) 163 (1981); *State v. White*, 253 S. C. 475, 171 S. E. (2d) 712 (1969); *State v. Self, supra.* "Providing the jury with the 'third option' of convicting on a lesser included offense ensures that the jury will accord the defendant the full benefit of the reasonable doubt standard." *Beck v. Alabama*, 447 U. S. 625, 634, 100 S. Ct. 2382, 2388, 65 L. Ed. (2d) 392 (1980).

Since the same physical assault and battery could legally constitute either the offense of assault and battery with intent to kill or assault and battery of a high and aggravated nature, it became a jury question as to whether Hilton entertained the specific intent to kill McKelvie at the time of the assault. *State v. Tuckness*, 257 S. C. 295, 185 S. E. (2d) 607 (1971). Here the jury was given only two choices, a verdict of guilty of assault and battery with the intent to kill or acquittal. Where, as here, the jury obviously finds that the physical act charged, i.e, pushing the victim toward a train track, was committed, they had no alternative but to convict of the only crime place before them. What their decision might have been if confronted with the choice of two crimes, both of which involved guilt of the act itself, but differed as to the intent with which the act was committed, cannot be known. As the United States Supreme Court stated in *Keeble v. United States*, 412 U. S. 205, 213-214, 93 S. Ct. 1993, 1998-1999, 36 L. Ed. (2d) 844 (1973):

> Since the nature of petitioner's intent was very much in dispute at trial, the jury could rationally have convicted him of simple assault if that option had been presented. But the jury was presented with only two options convicting the defendant of assault with intent to commit great bodily injury, or acquitting him outright. We cannot say that the availability of a third option—convicting the defendant of simple assault—could not have resulted in a different verdict.

We hold that the analysis of the trial judge that Hilton could only be found guilty of assault and battery with intent to kill as charged by the State or an accident as urged by Hilton is incorrect. The law to be charged must be determined by the evidence presented, *State v. Hyman*, 276 S. C. 559, 281 S. E. (2d) 209 (1981), *cert. denied*, 458 U. S. 1122, 102 S. Ct. 3510, 73 L. Ed. (2d) 1384 (1982), not the contentions of the parties. *State v. Taylor*, 261 S. C. 437, 200 S. E. (2d) 387 (1973).

We further hold that under the facts of this case, there was evidence from which the jury could find that Hilton did not push McKelvie into the train with malice intending to kill him. Therefore it was reversible error for the trial judge not to charge the lesser included

offense of assault and battery of a high and aggravated nature. Accordingly, we reverse Hilton's conviction and remand for a new trial.

Reversed and remanded.

SANDERS, C. J., and SHAW, J., concur.