22672

The STATE, Respondent v. Louis HILTON, Appellant.

(353 S. E. (2d) 282)

Supreme Court

*Assistant Appellate Defender Tara D. Shurling,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Charles H. Condon,* Charleston, *for respondent.*

Heard Dec. 11, 1986.

Decided Feb. 9, 1987.

NESS, Chief Justice:

Appellant was convicted of assault and battery with intent to kill. We affirm.

Appellant and the victim were standing on a sidewalk near a railroad track as a train passed by. There is evidence they may have been arguing. Witnesses testified appellant pushed the victim into the moving train. Appellant, however, testified the victim turned and ran toward the train, and appellant reached out to stop him. The victim suffered severe permanent brain damage as a result of the impact, and was unable to make a statement concerning the incident.

Appellant was convicted of assault and battery with intent to kill. Judge C. Anthony Harris sentenced appellant to 15 years in prison. The Court of Appeals reversed, holding the trial judge should have submitted to the jury the lesser included offense of assault and battery of a high and aggravated nature. *State v. Hilton,* 284 S. C. 245, 325 S. E. (2d) 575 (Ct. App. 1985).

At his second trial, appellant was again convicted of assault and battery with intent to. kill. Judge Hubert Long sentenced appellant to 20 years in prison. Appellant contends the increased sentence violates the constitutional prohibition against vindictive sentencing set forth in *North Carolina v. Pearce,* 395 U. S. 711, 89 S. Ct. 2072, 23 L. Ed. (2d) 656 (1969).

In *Pearce,* the United States Supreme Court held that vindictiveness against a defendant for seeking appellate review and obtaining a new trial must not be a factor in the

sentence the defendant receives after retrial. In order to prevent the fear of a harsher sentence from deterring defendants from seeking appellate review, the Court held that whenever a harsher sentence is imposed after a retrial, the reasons for the harsher sentence, and the factual data underlying the reasons, must affirmatively appear. 89 S. Ct. at 2080-2081.

In the years since it decided *Pearce*, the Supreme Court has interpreted, and restricted, the rule several times. The presumption of vindictiveness does not apply when the harsher sentence is imposed by the higher court in a two-tiered trial system. *Colten v. Kentucky*, 407 U. S. 104, 92 S. Ct. 1953, 32 L. Ed. (2d) 584 (1972). The rule is not applicable when a jury imposes a harsher sentence after retrial. *Chaffin v. Stynchcombe*, 412 U. S. 17, 93 S. Ct. 1977, 36 L. Ed. (2d) 714 (1973). These restrictions upon the *Pearce* rule grew out of the Court's recognition that the rule should be applied only when its "objectives are thought most efficaciously served." *Stone v. Powell*, 428 U. S. 465, 96 S. Ct. 3037, 3049, 49 L. Ed. (2d) 1067 (1976).

The Supreme Court recently restricted the rule once again, holding the presumption inapplicable when the first sentence was imposed by a jury and the second, harsher sentence was imposed by a judge. *Texas v. McCullough*, _____ U. S. _____, 106 S. Ct. 976, 89 L. Ed. (2d) 104 (1986). The *McCullough* Court also held the *Pearce* presumption arises from the trial judge's "personal stake" in the original conviction, and may therefore be inapplicable when the second sentencer is a different trial judge than the first sentencer. *Id.* at 980.[1]

The *Pearce* rule is not concerned with the actual length of sentences, but is concerned only with preventing vindictive sentencing. *Brown v. District Court, Nassau County*, 637 F. Supp. 1096 (E. D. N. Y. 1986). When the second sentencing authority has no prior connec-

---

[1] The *McCullough* court also held that when the *Pearce* presumption applies, the harsher sentence may be justified by facts which occurred prior to the first trial, but were unknown to the sentencing authority when the first sentence was imposed. *Cf., State v. Franklin*, 267 S. C. 240, 226 S. E. (2d) 896 (1976) [the sentencing judge may conduct a broad inquiry to determine the appropriate sentence].

tion with the case, there can be no potential for self-vindication. *Williams v. State*, 494 N. E. (2d) 1001 (Ind. App. 1986). Adopting the reasoning of *Texas v. McCullough, supra*, we hold the *Pearce* presumption is inapplicable when the second sentencing judge is someone other than the original trial judge.

In the absence of the *Pearce* presumption, a defendant must prove actual vindictiveness to obtain relief. *Wasman v. United States*, 468 U. S. 559, 104 S. Ct. 3217, 82 L. Ed. (2d) 424 (1984). There is nothing in the record that suggests Judge Long's sentence was based on anything other than proper sentencing considerations. *See, State v. Franklin*, 267 S. C. 240, 226 S. E. (2d) 896 (1976).

Appellant's remaining exceptions are without merit and are disposed of under Supreme Court Rule 23. *State V. Norris*, 285 S. C. 86, 328 S. E. (2d) 339 (1985); *State v. Lucas*, 285 S. C. 37, 328 S. E. (2d) 63 (1985); *State v. Burriss*, 281 S. C. 47, 314 S. E. (2d) 316 (1984); *State v. Barwick*, 280 S. C. 45, 310 S. E. (2d) 428 (1983); *State v. Jones*, 133 S. C. 167, 130 S. E. 747 (1925).

Appellant's conviction and sentence are

Affirmed.

GREGORY, CHANDLER, FINNEY, JJ., and Acting Associate Justice RODNEY A. PEEPLES, concur.