24444

The STATE, Respondent v. Jason GOURDINE, Petitioner.

(472 S.E. (2d) 241)

Supreme Court

*Chief Attorney Daniel T. Stacey* and *Assistant Appellate Defender Lisa T. Gregory,* both of *South Carolina Office of Appellate Defense,* of Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Chief Deputy Attorney General Donald J. Zelenka,* and *Deputy Attorney General Salley W. Elliott,* all of Columbia; and *Solicitor David P. Schwacke,* of North Charleston, *for respondent.*

Heard Apr. 17, 1996.

Decided June 10, 1996.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

MOORE, Justice:

Petitioner was convicted of accessory before the fact of armed robbery of a McDonald's restaurant. The Court of Appeals affirmed his conviction but remanded for resentencing. *State v. Gourdine,* Op. No. 95-UP-040 (S.C. Ct. App. filed February 14, 1995). We reverse and remand.

### FACTS

Petitioner did not testify at his trial below. Three witnesses who had pled guilty to the robbery testified against petitioner. Two testified a BB gun and a toy or water gun were used in the robbery. The other testified a "play M-16" water gun and a toy pistol were used. Petitioner requested a charge on the lesser included offense of accessory before the fact to strong arm robbery. The trial judge denied petitioner's request. The Court of Appeals affirmed the trial court's denial of the lesser charge.

## ISSUE

Did the Court of Appeals err in holding petitioner was not entitled to a charge on the lesser included offense?

## DISCUSSION

■ Armed robbery is "the crime of robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor, or other deadly weapon...." S.C. Code Ann. § 16-11-330 (Supp. 1995).[1] Strong arm robbery is defined as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *State v. Drayton*, 293 S.C. 417, 361 S.E. (2d) 329, 335 (1987). Whether an instrument qualifies as a deadly weapon is a jury question. *State v. Heck*, 304 S.C. 345, 404 S.E. (2d) 514 (Ct. App. 1991) (a BB gun is capable of producing great bodily harm and therefore it is a jury question as to whether it qualifies the incident as armed robbery). In *State v. Tasco*, 292 S.C. 270, 272, 356 S.E. (2d) 117, 118 (1987), we held "[w]hen a person perpetrates a robbery by brandishing an instrument which appears to be a firearm ... *in the absence of any evidence to the contrary*, the law will presume the instrument to be what his conduct represented to to be, a firearm...." (Emphasis added.)

■■ In its opinion, the Court of Appeals held under the State's version of the facts, there was no evidence petitioner committed the lesser offense. However, we are not confined to the State's version of the facts. The law to be charged is determined by the evidence presented at trial. *State v. Todd*, 290 S.C. 212, 349 S.E. (2d) 339 (1986). The judge is to charge the jury on a lesser included offense if there is any evidence from which it could be inferred the lesser, rather than the greater, offense was committed. *Dayton, supra.*

■ One accomplice testified a water gun and a play M-16 were used in the robbery. Another testified a water gun and a BB gun were used. The manager of the Mc-

---

[1] The General Assembly recently enacted Senate Bill 90, effective May 29, 1996, which adds to the definition of armed robbery "alleging, either by action or words, [being] armed while using a representation of a deadly weapon or any object which a person presents during the commission of the robbery reasonable believed to be a deadly weapon." This amendment does not apply to the case before us today.

Donald's also testified she thought the guns used in the robbery were fake. Reviewing the testimony of these witnesses, we conclude there was evidence from which the jury could have found petitioner was guilty of the lesser offense of accessory before the fact to strong arm robbery. Accordingly, the decision of the Court of Appeals is reversed and the case is remanded.

Reversed and remanded.

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.