536 S.E.2d 387

**The STATE, Respondent,**

v.

**Paul R. COLEMAN, Appellant.**

**No. 3206.**

Court of Appeals of South Carolina.

Heard April 11, 2000.
Decided June 26, 2000.
Rehearing Denied Oct. 7, 2000.

---

Assistant Appellate Defender Melissa J. Reed Kimbrough, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Attorney General Norman Mark Rapoport; and Solicitor Warren B. Giese, all of Columbia, for respondent.

HEARN, Chief Judge:

Paul Coleman appeals his conviction for assault and battery with intent to kill (ABIK), alleging the trial judge erred in refusing to charge the jury on the lesser included offense of assault and battery of a high and aggravated nature (ABHAN). We affirm.[1]

## FACTS

On January 10, 1997, at or about 11:23 p.m., Victim and his co-employee were working at a Subway restaurant preparing to close for the evening. Victim had stepped in the back to take out the trash when he heard the front doorbell ring. Victim testified he returned to the front of the store but found no one there.

The assailant, Paul Coleman, wearing a black ski mask and a jacket with the hood pulled over his head, jumped out at Victim, pointed a gun at him, and said, "Give me all your money. Give me all your f------ money, mother f-----." Victim attempted to open the cash register but before he had the opportunity, the assailant shot him in the eye and fled.

Police arrived shortly thereafter and retrieved a videotape of the incident recorded by a surveillance camera. The video, which operated with a four-second time lapse, first depicted Victim walking from the back of the store. The camera then revealed Coleman pointing a gun at Victim. The following picture showed Victim stepping towards the cash register in an attempt to comply with Coleman's orders, while Coleman raised the gun to aim at Victim's head. The camera next disclosed smoke from the gunfire; however, Victim, who had

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

fallen to the floor, was not visible in this scene. The last image showed Victim's co-employee fleeing to the back of the store.

At trial, the State presented Erick Rodgers, who testified he was the "look out" person for Coleman in the attempted robbery. Rodgers testified Coleman picked him up on the day of the robbery because Coleman wanted to "rob somebody." Rodgers stated he saw Coleman enter the Subway that night and then heard a gunshot in the restaurant. Coleman exited the restaurant and they both fled in a pickup truck.

The State also called Travon McCoy who testified Coleman told him he was the assailant in the attempted robbery. McCoy stated:

And when he [Coleman] told me about it, he said that he went in the store and the man, he kept demanding money from the man. Apparently the man didn't believe him. So he said he just panicked and shot him, you know. . . .

Coleman's statement, which he gave the police shortly before his arrest and after he learned Rodgers and McCoy had implicated him, was also introduced at trial. Coleman stated: "I went in. I went by a little hallway part. I had a gun when I went in. I came back out from the hallway. All I know, I got scared and started to run and heard a shot. . . ."

At the close of the evidence, Coleman requested the judge charge the jury on the lesser included offense of ABHAN. The judge denied this request. The jury convicted Coleman on both counts and the judge sentenced him to twenty years for ABIK and ten years for attempted armed robbery.

## DISCUSSION

■ It is well settled that a jury instruction on a lesser included offense is required only when the evidence warrants such an instruction. *Hopper v. Evans,* 456 U.S. 605, 611, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982). It is not error to refuse to charge the lesser included offense unless there is evidence tending to show the defendant was guilty *only* of the lesser offense. *State v. Atkins,* 293 S.C. 294, 299, 360 S.E.2d 302, 305 (1987) (emphasis added), *overruled on other grounds by*

*State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991). We do not believe that evidence is present here.

ABIK is an unlawful act of a violent nature to the person of another with malice aforethought, either express or implied. *State ·v. Foust,* 325 S.C. 12, 14, 479 S.E.2d 50, 51 (1996); *State v. Hinson,* 253 S.C. 607, 611, 172 S.E.2d 548, 550 (1970). ABIK also requires the intent to kill. *Foust,* 325 S.C. at 15, 479 S.E.2d at 51. However, this intent need only be a general intent, demonstrated by acts and conduct from which a jury may naturally and reasonably infer intent. *Foust,* 325 S.C. at 15, 479 S.E.2d at 51. Intent may be proved with evidence of the character of the means or instrument used. *Foust* at 16, n. 4, 479 S.E.2d at 52, n. 4; 41 C.J.S. *Homicide* § 195 (1991); *see also* 41 C.J.S. *Homicide* § 179 (1991) (intent to kill may be inferred from "the character of the assault, the use of a deadly weapon with an opportunity to deliberate, or the use of a dangerous or deadly weapon in a manner reasonably calculated to cause death or great bodily harm"). Likewise, the manner in which the instrument was used, the purpose to be accomplished, and the resulting injuries may also prove intent. *See* 41 C.J.S. *Homicide* § 195 (1991).

ABHAN, on the other hand, requires an unlawful act of violent injury accompanied by circumstances of aggravation. *State v. Sprouse,* 325 S.C. 275, 286 n. 2, 478 S.E.2d 871, 877 n. 2 (Ct.App.1996). Such aggravating circumstances include the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, great disparity between the ages and physical conditions of the parties involved, and the difference in the sexes. *State v. Murphy,* 322 S.C. 321, 324–25, 471 S.E.2d 739, 740–41 (Ct.App.1996).

Coleman argues he should have been given the charge of the lesser included offense of ABHAN. We disagree.

An ABHAN charge is appropriate when the evidence demonstrates the defendant lacked the requisite intent to kill. *State v. Hilton,* 284 S.C. 245, 249, 325 S.E.2d 575, 577 (Ct.App. 1985). However, *State v. Foust,* holds that only a general intent to kill is necessary to support an ABIK charge. *Foust,* 325 S.C. at 15, 479 S.E.2d at 51. We find the facts of this case analogous to those in *Foust.* In *Foust,* the appellant was convicted of first degree burglary, ABIK, and possession of a

knife during the commission of a violent crime. The victim was stabbed in the chest by Foust when she returned home from work and discovered him burglarizing her home. At trial, the State introduced a letter written by Foust in which he claimed he never intended to hurt the victim. *Foust,* 325 S.C. at 13, 479 S.E.2d at 50. The supreme court found that despite Foust's denial of an intent to kill the victim, a general intent to kill was sufficient to support an ABIK charge. His use of a deadly weapon while burglarizing victim's home, and the fact that the victim sustained serious injuries, were held to be adequate evidence of such general intent.

█ In the present case, the trial judge stated he could not charge the jury on ABHAN because Coleman shot Victim in the head:

"I just can't see, ... somebody standing there with both hands on a pistol, directly in front of somebody pulling the trigger and shooting him in the head, how that could possibl[y] be assault and battery of a high and aggravated nature. I mean, it's either assault and battery with intent to kill, or nothing, to me."

We agree with the trial judge's reasoning.

Coleman's manner in using the weapon—pointing the gun at Victim and then deliberately raising the gun to aim at Victim's head just before he fired [2]—could have only been reasonably calculated to kill or cause great bodily harm to Victim. Moreover, the resulting wound was near-fatal. The bullet narrowly missed Victim's brain, grazing the skull just above Victim's left eye and leaving him almost blind in that eye.

Coleman offers no excuse or justification for his act, except that he "panicked." This assertion alone cannot mitigate his general intent to kill, as evidenced by his voluntary act of shooting Victim in the head. *See Foust,* 325 S.C. at 13, 479 S.E.2d at 50; 41 C.J.S. *Homicide* § 179 (intent may be inferred when it is demonstrated that the accused voluntarily and willfully commits an act, the natural tendency of which is to destroy another's life). Coleman never asserted the gun fired accidentally or that it fired without him pulling the

---

2. The security videotape of the incident shows that Coleman raised the gun level with Victim's head just before he fired the shot.

trigger; nor is there any apparent reason for Coleman's "panic" other than his own act of shooting victim in the head. Coleman stated that after he entered the Subway with the gun he "got scared, and started to run and heard a shot." However, the physical evidence in this case, the security videotape, directly contradicts Coleman's statement that he first ran and then the gun fired. The smoke from the fired gun is evident on the tape *before* Coleman runs out of the store. The evidence establishes Coleman fired the gun because Victim did not give him the money fast enough, not because of "a sudden, overpowering terror." [3] The only inference that can reasonably be drawn from the evidence is that Coleman may well have panicked *after* shooting Victim, not before. Coleman's assertion that he "panicked," without more, and especially in light of the actual chain of events as captured on the videotape, is palpably insufficient evidence to justify a charge on ABHAN.

As no competent evidence exists that Coleman committed only ABHAN rather than ABIK, it was not reversible error for the trial judge to refuse to charge ABHAN.

Accordingly, we affirm the conviction.

**AFFIRMED.**

HOWARD, J., concurs.

GOOLSBY, J., dissents in a separate opinion.

GOOLSBY, Judge, dissenting:

I respectfully dissent.

The law to be charged is determined by the evidence presented at trial.[1] The trial judge must charge the jury on a lesser included offense if evidence is present to sustain a conviction for a crime of a lesser degree.[2] The judge should

---

**3.** Panic as defined by *The American Heritage Dictionary* 897 (2d ed.1985).

**1.** *State v. Gourdine,* 322 S.C. 396, 472 S.E.2d 241 (1996).

**2.** *See Hopper v. Evans,* 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982) (lesser included offense instruction is required by due process if the evidence warrants such an instruction); *Gourdine,* 322 S.C. at 398,

refuse to charge a lesser included offense only if no evidence exists showing the defendant committed the lesser rather than the greater offense.[3]

Coleman was indicted for ABIK. ABIK is an unlawful act of a violent nature to the person of another with malice aforethought, either express or implied.[4] ABIK also requires the intent to kill.[5] This intent need only be a general intent demonstrated by acts and conduct from which a jury may naturally and reasonably infer intent.[6]

By contrast, ABHAN requires an unlawful act of violent injury accompanied by circumstances of aggravation.[7] Such aggravating circumstances include the use of a deadly weapon, the infliction of serious bodily injury, the intent to commit a felony, great disparity between the ages and physical conditions of the parties involved, and the difference in the sexes.[8]

In determining whether the evidence required the judge to charge the jury on ABHAN, an appellate court must view the

---

472 S.E.2d at 242 (1996) (the trial judge is to charge the jury on a lesser included offense if there is any evidence from which it could be inferred the lesser, rather than the greater, offense was committed); *State v. Cooney*, 320 S.C. 107, 463 S.E.2d 597 (1995) (lesser included offense instruction is required when the evidence warrants such an instruction); *State v. Atkins*, 293 S.C. 294, 360 S.E.2d 302 (1987) (the presence of evidence to sustain a conviction for the crime of a lesser degree determines whether it should be submitted to the jury), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991).

3. *See State v. Burriss*, 334 S.C. 256, 265, 513 S.E.2d 104, 109 (1999) (to warrant a court's eliminating the lesser included offense, it must "very clearly appear that there is *no evidence whatsoever* " tending to reduce the crime from the greater offense to the lesser) (emphasis original); *State v. Johnson*, 333 S.C. 62, 508 S.E.2d 29 (1998); *State v. Smith*, 315 S.C. 547, 446 S.E.2d 411 (1994).

4. *State v. Foust*, 325 S.C. 12, 479 S.E.2d 50 (1996); *State v. Hinson*, 253 S.C. 607, 172 S.E.2d 548 (1970).

5. *Foust*, 325 S.C. at 15, 479 S.E.2d at 51.

6. *Id.*

7. *State v. Sprouse*, 325 S.C. 275, 286 n. 2, 478 S.E.2d 871, 877 n. 2 (Ct.App.1996).

8. *State v. Murphy*, 322 S.C. 321, 471 S.E.2d 739 (Ct.App.1996).

facts in the light most favorable to the defendant.[9]   The issue in this case, then, is whether a jury could reasonably infer Coleman lacked the requisite intent to kill Victim, thereby justifying a jury charge on ABHAN.[10]

Upon examining the evidence of intent in the light most favorable to Coleman, I would conclude a reasonable juror could infer Coleman intended to commit assault and battery of a high and aggravated nature while lacking any intent to kill. First, ample evidence of aggravating circumstances necessary for a conviction of ABHAN were present in this case, including the use of a deadly weapon, the infliction of serious bodily injury, and the intent to commit a felony.[11]

Second, the State's own witness, Erick Rodgers, testified Coleman intended to *rob* someone that day.   Another State witness, Travon McCoy, testified Coleman told him when he robbed Subway, he panicked and shot Victim when Victim failed to turn over the money.   Likewise, the statement Coleman gave police prior to his arrest for this incident indicates no intent to kill Victim.   He told police that he got scared, started to run, and heard a shot.   Hence, all testimony indicated Coleman intended to rob Subway and only shot Victim when he panicked.

"Panic" is defined as "a sudden, overpowering terror." [12] The Pennsylvania Supreme Court held in *Commonwealth v. Stewart*[13] that terror-stricken panic may negate the mens rea

---

**9.**   *See State v. Byrd,* 323 S.C. 319, 474 S.E.2d 430 (1996) (stating a court must view the facts in the light most favorable to a defendant when determining whether evidence required a charge on the lesser included offense of voluntary manslaughter alongside the charge of murder).

**10.**   ABIK requires a showing of malice.   *Foust,* 325 S.C. at 15, 479 S.E.2d at 51 (1996).   The absence of malice is not an element of ABHAN.   *State v. Pilgrim,* 326 S.C. 24, 482 S.E.2d 562 (1997).   Malice, however, could have been inferred in this case from Coleman's use of a deadly weapon, *State v. Friend,* 276 S.C. 552, 281 S.E.2d 106 (1981), hence it is only necessary for us to ascertain the intent with which the act was committed.

**11.**   *See State v. Young,* 319 S.C. 33, 459 S.E.2d 84 (1995) (armed robbery is a felony under S.C.Code Ann. § 16–1–10 (Supp.1999)).

**12.**   The American Heritage Dictionary 897 (2d ed.1985).

**13.**   461 Pa. 274, 336 A.2d 282 (1975).

element of murder in the first degree. I, too, would hold that a person who panics could lack the capacity to form an intent to kill.[14] Whether a jury would believe Coleman's statement that he panicked and shot Victim is not for us to say. By denying Coleman the charge of ABHAN where the State presented evidence that he panicked, the majority deprives him of a fundamental right.[15]

I believe the facts of this case are more analogous to those in *State v. Hilton.*[16] In *Hilton,* this court held appellant was entitled to a jury charge of aggravated assault and battery where, like this case, the nature of appellant's intent was very much in dispute. Appellant and victim were standing on a sidewalk beside a railroad crossing. Two witnesses testified appellant pushed victim in front of an oncoming train, but appellant maintained victim fell onto the tracks. The trial judge refused to charge aggravated assault, stating that the evidence either showed that appellant pushed victim onto the tracks with the intent to kill him or that it was an accident. This court disagreed:

> Since the same physical assault and battery could legally constitute either the offense of [ABIK] or [ABHAN], it became a jury question as to whether [appellant] entertained the specific intent to kill [victim] at the time of the assault. Here, the jury was given only two choices, a verdict of guilty of [ABIK] or acquittal. Where, as here, the jury obviously finds that the physical act charged ... was committed, they had no alternative but to convict of the

---

**14.** "[A]mple time for reflection may exist, and a [person] may seem to act in his right mind, and from a conscious purpose; and yet causes may affect his intellect, preventing reflection, and hurrying onward his unhinged mind to rash and inconsiderate resolution, incompatible with ... deliberation and premeditation...." *Stewart,* 336 A.2d at 285 (quoting *Jones v. Commonwealth,* 75 Pa. 403, 406 (1874)).

**15.** *See Brown v. State,* 674 P.2d 46 (Okla.Crim.App.1983) (recognizing that because appellant's testimony of panic and self-defense could have led jury to reasonably infer an absence of an intent to kill, the court's failure to instruct the jury on the lesser included offense of Assault with a Dangerous Weapon deprived accused of a fundamental right).

**16.** 284 S.C. 245, 325 S.E.2d 575 (Ct.App.1985), *affirmed,* 291 S.C. 276, 353 S.E.2d 282 (1987), and *overruled on other grounds by State v. Foust,* 325 S.C. 12, 479 S.E.2d 50 (1996).

only crime placed before them. What their decision might have been if confronted with the choice of two crimes, both of which involved guilt of the act itself, but differed as to the intent with which the act was committed, cannot be known.[17]

Because the jury in Coleman's case faced the same dilemma as the jury in *Hilton, i.e.,* convicting him of ABIK or acquitting him, I would hold the trial judge erred in refusing to charge the lesser included offense of ABHAN as there exists evidence a reasonable jury could have determined Coleman lacked the intent to kill.

I would reverse and remand.

---

**17.** *Id.* at 249, 325 S.E.2d at 577 (citations omitted).