BENTON, J.
Debra A. Jefferson brings this direct appeal from her convictions on two counts of child abuse in violation of section 827.03(1), Florida Statutes (1999), and one count of aggravated child abuse in violation of section 827.03(2), Florida Statutes (1999). We write to address only her contention that the trial court should not have let the jury see a videotape depicting the offenses, and affirm the convictions.
We find no error in allowing in evidence a copy of a “time lapse” videotape over the objection that fewer frames per second in the original videotape (than standard videotaping entails) “inaccurately portray either the speed or the range of motion” by their very infrequency. See Grand Casino Biloxi v. Hallmark, No.2000-01115, — So.2d -, -, 2001 WL 1336465, *4 (Miss. Oct.31, 2001) (en banc) (“The video was a time lapse camera recording, so Agent Hancock could see the candle on top of the machine flashing, but he could not determine the actual speed of the flashing candle.”).
Although the prosecution put the original videotape in evidence in the present case, the defense did not request that the jury be shown the original videotape, and objected to the copy solely on grounds that the original time lapse videotape, by “taking one-third of the images, under the time lapse, as you would with the real time, ... [resulted in] a difference in how the action is displayed.”
Appellant cites no authority for her blanket objection to time lapse videotapes and copies thereof. Nor does she explain why ten frames per second are too few or thirty frames per second enough. The copy the jury saw, moreover, did have thirty frames per second, and the trial judge found, on the basis of uncontrovert-ed expert testimony, that the copy was “an accurate depiction of what’s on” the original. See State v. Hoffman, 768 So.2d 542, 564 (La.2000).
No issue was raised concerning the copy’s fidelity to the original. Cf. Bryant v. State, 810 So.2d 532, 537-39, (Fla. 1st DCA 2002). Defense counsel stated, “My concern is ... what was not originally captured in the filming and how that will affect the display that this jury is going to see.” Defense counsel “never made any allegation there was anything added.”
Each case in which a time lapse videotape or a copy thereof has been received in evidence over objection supports affirming here. See United States v. Beeler, 62 F.Supp.2d 136, 148 (D.Me.1999); Ex parte Rieber, 663 So.2d 999, 1007-08 (Ala.1995). Cases in which no objection to such tapes was noted also support the view that time lapse videotapes are not automatically excludable. See State v. King, 180 Ariz. 268, 883 P.2d 1024, 1026 (1994) (en banc); Walker v. State, 262 Ga. 694, 424 S.E.2d 782, 783 (1993); Commonwealth v. Pleas, *567 49 Mass.App.Ct. 321, 729 N.E.2d 642, 644 (2000); State v. Coleman, 342 S.C. 172, 536 S.E.2d 387, 388 (App.2000).
Affirmed.
ALLEN, C.J., and BOOTH J., concur.