THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Roger Johnson, Appellant.
 
 
 

Appeal From Orangeburg County
James C. Williams, Jr., Circuit Court
 Judge
Unpublished Opinion No.   2009-UP-204
Heard March 18, 2009  Filed May 18, 2009 
AFFIRMED

 
 
 
 Joseph L. Savitz, III of Columbia, for Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Assistant Deputy Attorney
 General Julie M. Thames, all of Columbia, and Solicitor David M. Pascoe, Jr.,
 of Orangeburg, for Respondent.   
 
 
 

PER
 CURIAM:  Roger Johnson appeals from his conviction of two counts of assault and battery with intent to kill (ABWIK) and
 unlawful possession of a firearm.  On appeal, he contends the trial court erred
 in refusing to charge the jury on the lesser-included offense of assault and
 battery of a high and aggravated nature (ABHAN).  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  State v. Franks,
 376 S.C. 621, 624, 658 S.E.2d 104, 106 (Ct. App. 2008) ("An appellate
 court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion."); Hopper v. Evans, 456 U.S. 605, 611 (1982) (stating due process requires a jury instruction on a
 lesser included offense only when the evidence warrants such an instruction); Dempsey v.
 State, 363 S.C. 365, 371, 610 S.E.2d
 812, 815 (2005) (noting a trial judge is required to charge the jury on a
 lesser included offense if there is any evidence from which it could be
 inferred the lesser, rather than the greater, offense was committed); State
 v. Foust, 325 S.C. 12, 14-15, 479 S.E.2d 50, 51 (1996) (defining ABWIK as
 an unlawful act of a violent nature to the person of another with malice
 aforethought and the intent to kill); State v. Sprouse, 325 S.C. 275,
 286 n.2, 478 S.E.2d 871, 877 n.2 (Ct. App. 1985) (identifying the elements of ABHAN
 as an unlawful act of violent injury accompanied by circumstances of
 aggravation); State v. Coleman, 342 S.C. 172, 177, 536 S.E.2d 387, 389-90
 (Ct. App. 2000) (holding the manner in which the defendant used the weaponpointing
 the gun at Victim and then deliberately raising
 the gun to aim at Victim's head just before he firedcould
 have only been reasonably calculated to kill or cause great bodily harm to
 Victim); Id. at 178, 536 S.E.2d at 390 (stating the trial court did not
 commit reversible error in refusing to charge the jury on ABHAN where no
 competent evidence existed that the defendant committed ABHAN, rather than
 ABWIK).  
AFFIRMED.
HEARN, C.J., and PIEPER,
 J., and LOCKEMY, J., concur.