THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Kieve Milik
 Smith, Appellant.
 
 
 
 
 

Appeal From Charleston County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2010-UP-542   
 Submitted December 1, 2010  Filed
December 16, 2010

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Donald J. Zelenka, and Assistant Attorney General J. Anthony Mabry, all of Columbia;
 and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Kieve Milik Smith was tried with Leo
 Corderrel Gadsden and Anthony Wilder for burglary, kidnapping, murder, and
 assault and battery with intent to kill (ABWIK) after the home invasion of
 Patricia Green and subsequent shootings of James
 Williams and Sterling Spann.  Smith was convicted on
 all charges.  Smith appeals his convictions, arguing the trial court erred in:
 (1) denying his directed verdict motion and (2) admitting drug evidence when he
 was not charged with drug offenses.  We affirm.[1]
1. Smith
 contends the trial court erred in denying his directed verdict motion because
 the evidence presented at trial was insufficient to convict him.  However, the
 State presented sufficient evidence the
 three perpetrators of the home invasion and subsequent shootings acted in
 concert pursuant to a common design, sufficient evidence Smith was one of the
 three perpetrators, and sufficient evidence proving each crime charged.  Under the "hand of one, the hand of all"
 theory, "one who joins with another to accomplish an illegal purpose is
 liable criminally for everything done by his confederate incidental to the
 execution of the common design and purpose."  State v. Langley, 334
 S.C. 643, 648, 515 S.E.2d 98, 101 (1999).  When ruling on a motion for a directed verdict, the trial court is concerned
 with the existence or nonexistence of evidence, not its weight.  State v.
 Weston, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  The State produced sufficient
 evidence to show the three perpetrators of the home invasion and subsequent
 shootings acted in concert pursuant to a common design and purpose because the
 three men communicated and took instructions from each other during the home
 invasion and shootings: Gadsden got duct
 tape to bind Green at the direction of Wilder; Gadsden acted as lookout informing the others when
 people arrived at the house; Smith stopped searching the house when Wilder told
 him to help take care of people outside; and Smith chased Williams at the
 direction of Gadsden.  The State also
 produced sufficient evidence to show Smith was one of the three men involved in
 the invasion and shootings because a mask found by an officer had Smith's DNA
 on it, and a neighbor identified Williams's red Nike tennis shoes as the shoes
 worn by the man who chased and shot at one of the victims.  Lastly, the State
 established sufficient evidence proving each crime charged.  For the murder charge, sufficient evidence existed to
 establish Spann was killed with malice aforethought because he was dragged out
 of his car and fatally shot by one of the defendants.  See S.C.
 Code Ann. § 16-3-10 (2003) (defining murder as "the killing of any person
 with malice aforethought, either express or implied").  For the
 first-degree burglary charge, sufficient evidence exists to establish Smith
 entered Green's house with the intent to commit a crime therein and Gadsden
 caused physical injury to Green.  See S.C. Code Ann. §
 16-11-311(A)(1) (2003) (defining first-degree burglary as the entering of
 "a dwelling without consent and with intent to commit a crime in the
 dwelling" and either he or another participant in the crime "causes
 physical injury to a person who is not a participant in the crime").  For
 the kidnapping charge, sufficient evidence exists to establish Green was
 unlawfully seized and confined by duct tape.  See S.C. Code Ann. §
 16-3-910 (2003) (defining kidnapping as when participants "unlawfully
 seize, confine, inveigle, decoy, kidnap, abduct, or carry away any other person
 by any means whatsoever without authority of law").  For the ABWIK charge,
 sufficient evidence exists to establish Gadsden committed an unlawful act of a
 violent nature with malice aforethought against Williams by shooting him four
 times in the abdomen and Smith committed an unlawful act of a violent nature
 with malice aforethought against Williams by chasing after and shooting at
 Williams.  See State v. Coleman, 342 S.C. 172, 176, 536 S.E.2d
 387, 389 (Ct. App. 2000) (defining ABWIK as "an unlawful act of a violent
 nature to the person of another with malice aforethought, either express or
 implied"); id. (holding a conviction for ABWIK does not require
 specific intent to kill, but rather it is sufficient if there is shown some
 general intent "demonstrated by acts and conduct from which a jury may
 naturally and reasonably infer intent").  Thus, viewing the evidence in the
 light most favorable to the State, the evidence supported submitting the case
 to the jury.
2. Since
 Smith did not raise an objection when the drug evidence was admitted, this
 issue is not preserved for our review.  See State v. Turner,
 373 S.C. 121, 126 n.1, 644 S.E.2d 693, 696 n.1 (2007) (holding an issue not
 raised to or ruled upon by the trial court is not preserved on appeal); see Tupper v. Dorchester County, 326 S.C 318, 324, 487 S.E.2d 187, 191
 (1997) (holding where appellant's counsel made no objection at trial, an issue
 cannot be raised on appeal even though appellant's co-defendant or another
 party objected).            
AFFIRMED.
FEW, C.J., and
 SHORT and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.