**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Latrone Terrell Butler, Appellant.

Appellate Case No. 2014-000189

———————

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-528
Submitted October 1, 2015 – Filed November 25, 2015

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:** Latrone Terrell Butler appeals his convictions for attempted murder, kidnapping, and carjacking, arguing the circuit court erred in (1) allowing

an in-court identification based on a suggestive out-of-court identification procedure that was inherently unreliable and created a substantial likelihood of irreparable misidentification and (2) refusing to charge the jury on the lesser-included offenses of assault and battery of a high and aggravated nature (ABHAN) and assault and battery in the first, second, and third degree. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in allowing the in-court identification: *State v. Simmons*, 384 S.C. 145, 166, 682 S.E.2d 19, 30 (Ct. App. 2009) ("[A] circuit court's decision to allow the in-court identification of an accused will not be reversed absent an abuse of discretion or prejudicial legal error."); *State v. Traylor*, 360 S.C. 74, 81, 600 S.E.2d 523, 526–27 (2004) ("The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification. First, a court must ascertain whether the identification process was unduly suggestive. The court must next decide whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed." (internal citation omitted)); *State v. Turner*, 373 S.C. 121, 127–28, 644 S.E.2d 693, 697 (2007) (holding a photographic lineup was not unduly suggestive despite a variation in the background colors because the appellant did not stand out in comparison to the other individuals in the lineup); *State v. Dukes*, 404 S.C. 553, 557–58, 745 S.E.2d 137, 139 (Ct. App. 2013) ("If the court finds the identification did not result from impermissibly suggestive police procedures, the inquiry ends there and the court does not need to consider the second prong.").

2. As to whether the circuit court erred in refusing to charge the jury on the lesser-included offenses of attempted murder: *State v. Battle*, 408 S.C. 109, 116, 757 S.E.2d 737, 740 (Ct. App. 2014) ("To warrant reversal, a [circuit court's] refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant." (quoting *State v. Brown*, 362 S.C. 258, 261, 607 S.E.2d 93, 95 (Ct. App. 2004))); *State v. Coleman*, 342 S.C. 172, 175, 536 S.E.2d 387, 389 (Ct. App. 2000) ("It is well settled that a jury instruction on a lesser included offense is required only when the evidence warrants such an instruction."); *State v. Patterson*, 337 S.C. 215, 233, 522 S.E.2d 845, 854 (Ct. App. 1999) ("The [circuit] court should refuse to charge a lesser included offense where there is no evidence the defendant committed the lesser rather than the greater offense."); *State v. Geiger*, 370 S.C. 600, 607, 635 S.E.2d 669, 673 (Ct. App. 2006) ("To justify charging the lesser crime, the evidence presented must allow a rational inference the defendant was guilty only of the lesser offense. The court looks to the totality of evidence in

evaluating whether such an inference has been created." (internal citation omitted)).

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.