**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Demetrius Deon Thompson, Appellant.

Appellate Case No. 2021-001254

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge,

———————

Unpublished Opinion No. 2024-UP-071
Submitted January 1, 2024 – Filed March 13, 2024

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor Isaac McDuffie Stone, III, of
Bluffton, all for Respondent.

———————

**PER CURIAM:** Demetrius Deon Thompson appeals his convictions and
concurrent sentences of twelve years' imprisonment for attempted murder and five
years' imprisonment for possession of a weapon during the commission of a violent

crime. On appeal, Thompson argues the trial court erred by refusing to charge the jury on the lesser-included offenses of first-degree and second-degree assault and battery. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by refusing to instruct the jury on first-degree and second-degree assault and battery. *See State v. McGowan,* 430 S.C. 373, 379, 845 S.E.2d 503, 505 (Ct. App. 2020) ("An appellate court will not reverse a circuit court's decision regarding a jury instruction unless there is an abuse of discretion."); *State v. Gourdine*, 322 S.C. 396, 398, 472 S.E.2d 241, 241 (1996) ("The trial judge is to charge the jury on a lesser included offense if there is any evidence from which it could be inferred the lesser, rather than the greater, offense was committed."). We hold the evidence did not support a first-degree assault and battery charge because although there was an injury, the act did not "involve[] nonconsensual touching of the private parts of a person . . . with lewd and lascivious intent . . . " nor did it "occur[] during the commission of a robbery, burglary, kidnapping, or theft." *See* S.C. Code Ann. §§ 16-3-600(C)(1)(a)(i) to -(ii) (2015). This was not merely an "offer or attempt" to injure another person through means likely to produce death or great bodily injury—Thompson injured the victim when he slashed the back of her neck deeply enough to expose "her veins and carotid" artery. *See* S.C. Code Ann. § 16-3-600(C)(1)(b)(i) (2015) ("A person commits the offense of assault and battery in the first degree if the person unlawfully . . . *offers or attempts* to injure another person with the present ability to do so, and the act . . . is accomplished by means likely to produce death or great bodily injury." (emphasis added)); *State v. Middleton*, 407 S.C. 312, 316-17, 755 S.E.2d 432, 434-35 (2014) (holding subsection (b) of the first-degree assault and battery statute does not require the victim to have been injured, but only requires an offer or attempt to injure the victim "with the present ability to do so by means likely to produce death or great bodily injury").

Further, we hold a second-degree assault and battery charge was not warranted because the evidence at trial, including testimony from three witnesses regarding the nature of the victim's injury and a photograph of the victim's injury, supported a finding of great bodily injury, not moderate bodily injury. *See* S.C. Code Ann. § 16-3-600(D)(1)(a) (2015) ("A person commits the offense of assault and battery in the second degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so, and . . . moderate bodily injury to another person results or moderate bodily injury to another person could have resulted."); S.C. Code Ann. § 16-3-600(A)(1) (2015) ("'Great bodily injury' means bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment

of the function of a bodily member or organ."); S.C. Code Ann. § 16-3-600(A)(2) (Supp. 2023) ("'Moderate bodily injury' means physical injury that involves prolonged loss of consciousness, or that causes temporary or moderate disfigurement or temporary loss of the function of a bodily member or organ, or injury that requires medical treatment when the treatment requires the use of regional or general anesthesia or injury that results in a fracture or dislocation. Moderate bodily injury does not include one-time treatment and subsequent observation of scratches, cuts, abrasions, bruises, burns, splinters, or any other minor injuries that do not ordinarily require extensive medical care.").

**AFFIRMED.**[1]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.